**Phillip Soto GARCIA, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–98–358–CR, 2–98–359–CR.**

Court of Appeals of Texas,
Fort Worth.

Nov. 24, 1999.

David Chapman, Fort Worth, for Appellant.

Tim Curry, Dist. Atty., Charles M. Mallin, Danielle A. LeGault, Lisa Amos, Leti-

cia Martinez, Asst. Dist. Attys., Fort Worth, for Appellee.

Panel B: DAY, DAUPHINOT, and HOLMAN, JJ.

## OPINION

SAM J. DAY, Justice.

Phillip Soto Garcia appeals his convictions for one count of aggravated sexual assault of a child and two counts of indecency with a child by contact. A jury found Garcia guilty and assessed punishment at 20 years' confinement for the aggravated sexual assault conviction and 10 years' confinement for each of the indecency with a child convictions.

In his sole point on appeal, Garcia complains the trial court erred in admitting evidence of extraneous offenses during the guilt-innocence phase. Because Garcia failed to preserve error and his substantial rights were not affected by the alleged error, we affirm.

## BACKGROUND

Because Garcia does not challenge the sufficiency of the evidence to support his convictions, our discussion of the facts is limited to those relevant to the alleged extraneous acts.

In 1986, Garcia began sexually abusing his stepdaughters, J.G. and M.G. Garcia told the girls not to tell anyone or he would hurt them and their family. Garcia continued molesting the girls until mid-1991, when Margarita Gonzales, the girls' mother, learned about the abuse and con-fronted Garcia. Several months later, Gonzales moved out of Garcia's house with her children but did not report the abuse.

At Garcia's trial, J.G. testified that in January 1996, she and Gonzales went to school to pick up Gonzales' son, P.G. Garcia, P.G.'s father, also arrived to pick up P.G. and began arguing with Gonzales about whose turn it was to have custody of him. When Gonzales put P.G. in her car and drove away, Garcia followed her. Gonzales stopped outside her apartment complex and asked a maintenance worker to call the police. Gonzales then drove to her apartment and ran inside with the children. Garcia arrived and began pounding on the patio door and threatening Gonzales. Garcia eventually left after Gonzales told him the police were coming. After the police arrived, J.G. told an officer that Garcia had threatened her mother. When the officer asked why Gonzales did not want P.G. to go to Garcia's home, J.G. told the officer that Garcia had sexually abused her and M.G.

On appeal, Garcia argues the trial court abused its discretion in allowing J.G. to testify that Garcia (1) pounded on Gonzales's patio door, (2) argued with Gonzales, and (3) threatened Gonzales. Specifically, he argues this evidence should have been excluded because the State could have explained how the police learned of the sexual abuse without referring to Appellant's actions.[1]

After carefully reviewing the record, however, we find that Garcia failed to preserve error regarding J.G.'s testimony

---

1. The State argues Garcia's actions do not constitute an extraneous offense because "evidence of an extraneous offense must necessarily involve evidence of prior criminal conduct" by the defendant. *Harris v. State,* 738 S.W.2d 207, 224 (Tex.Crim.App.1986), *cert. denied,* 484 U.S. 872, 108 S.Ct. 207, 98 L.Ed.2d 158 (1987). However, in *Bishop v. State,* 869 S.W.2d 342 (Tex.Crim.App.1993), the court of criminal appeals explained:

    The plain language of Rule 404(b) [of the rules of evidence] speaks to "other crimes, wrongs, or *acts* ".... There is no require-ment that the evidence must be that of another criminal offense or even misconduct in order to fall within the purview of Rule 404(b). The intent of this rule is to prevent the introduction of evidence in order to prove the character of a person in order to show that he acted in conformity with that character. This prohibition applies as equally to evidence of extraneous acts or transactions as it does to evidence of extraneous offenses.

    *Id.* at 345 (citation omitted).

that Garcia threatened Gonzales. As a general rule, when a defendant objects to evidence at trial but later allows substantially the same evidence to be admitted without objection, any error in admitting the objected-to evidence is waived.[2] *See Leday v. State,* 983 S.W.2d 713, 718 (Tex. Crim.App.1998); *Stoker v. State,* 788 S.W.2d 1, 12 (Tex.Crim.App.1989), *cert. denied,* 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990). Here, while cross-examining J.G., defense counsel elicited testimony that Garcia had threatened Gonzales. Because Garcia did not object to this testimony, he failed to preserve error on that issue.

 This leaves only J.G.'s testimony that Garcia pounded on Gonzales's patio door and argued with Gonzales about their son. However, under Rule 44.2 of the Texas Rules of Appellate Procedure, even if the trial court erred in admitting this testimony, we must disregard the error as long as it is not of constitutional magnitude and did not affect Garcia's substantial rights. *See* Tex.R.App. P. 44.2. An appellant's substantial rights are affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *See King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App.1997); *Coggeshall v. State,* 961 S.W.2d 639, 643 (Tex.App.—Fort Worth 1998, pet. ref'd) (en banc). Because a violation of the evidentiary rules that results in the erroneous admission of evidence is not constitutional in nature, we must disregard the error unless it affected Garcia's substantial rights. *See* Tex.R.App. P. 44.2; *Johnson v. State,* 967 S.W.2d 410, 417 (Tex.Crim.App. 1998).

In this case, the jury heard evidence that over the course of several years, Garcia sexually assaulted his stepdaughters on a regular basis. There was also testimony that Garcia threatened to kill the victims' mother if they told anyone about the abuse. The fact that the jury also learned that Garcia pounded on his wife's patio door during a custody dispute involving their son is not especially significant. In light of the overwhelming evidence of Garcia's guilt and his other threats, the alleged error did not affect Garcia's substantial rights; therefore we must disregard it. *See* Tex.R.App. P. 44.2(b). Point one is overruled and the trial court's judgments are affirmed.

---

2. An exception to this rule is where the same evidence was elicited to rebut or explain the earlier testimony. *See Leday v. State,* 983 S.W.2d 713, 718–19 (Tex.Crim.App.1998). This exception does not apply in Garcia's case.