James Lee JOHNSON, Appellant,

v.

The STATE of Texas, State.

No. 2–93–514–CR.

Court of Appeals of Texas,
Fort Worth.

July 9, 1998.

Rehearing Overruled Oct. 22, 1998.

William S. Harris, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Edward L. Wilkinson, Christy Jack, Assistant District Attorneys, Fort Worth, for Appellee.

Before DAY, DAUPHINOT and HOLMAN, JJ.

## OPINION ON REMAND AND REHEARING

DAY, Justice.

We withdrew our original opinion on remand on May 12, 1998. We now grant the State's motion for rehearing and deny appellant James Lee Johnson's motion for rehearing.[1]

### I. INTRODUCTION AND HOLDING

During voluntary drug-abuse counseling, appellant James Lee Johnson admitted to his counselor that he had sexually abused his minor stepdaughter. At appellant's trial, the counselor testified, over objection, about appellant's admission. A jury convicted appellant of aggravated sexual assault of a child, sexual assault, and two counts of incest and sentenced him to concurrent sentences of 35 years, 20 years, 10 years, and 10 years, respectively.

On appeal, appellant challenged (1) the admission of the counselor's testimony based on the rule 510 privilege, (2) the effectiveness of trial counsel for failing to object to certain hearsay statements by three of the State's witnesses, and (3) the legal sufficiency of the evidence to support the convictions based on the statute of limitations. We agreed that there was legally insufficient evidence to support one of the incest convictions and ordered the trial court to acquit appellant of that charge. *Johnson v. State*, 926 S.W.2d 334, 340–41 (Tex.App.—Fort Worth 1996). We further reversed and remanded the remaining convictions for a new trial based on the erroneous admission of the counselor's testimony. *Id.* at 339. We did not address appellant's ineffective assistance of counsel claim. *Id.* at 341.

On the State's petition for discretionary review, the Court of Criminal Appeals vacated our judgment and remanded the appeal to us for consideration of the State's original argument that the facts elicited by the counselor's testimony had been admitted without objection earlier in the trial, rendering any error waived. *Johnson v. State*, 938 S.W.2d 65, 65 (Tex.Crim.App.1997). The State did not contest our resolution of appellant's legal sufficiency claim in the Court of Criminal Appeals, but does challenge it on remand.[2]

Thus, we are faced with three issues on remand:

▶ Is appellant entitled to an acquittal because the State did not prove to the jury the date the indictment was presented?

▶ Was any error in the admission of the counselor's testimony waived?

▶ Was counsel ineffective for failing to object to the hearsay statements?

We hold that (1) appellant waived any error regarding the indictment and the statute of limitations by failing to object, (2) any error was waived by appellant's failure to object to the counselor's testimony when it was offered based on rule 510 of the Texas Rules of

---

1. Because appellant's motion for rehearing refers to the State's motion for rehearing, we consider this to be an adequate response to the State's motion. *See* Tex.R.App P. 49.2.

2. Although the State did not challenge our finding on this point in the Court of Criminal Appeals, we may reconsider our disposition of all three of appellant's original points. *See Adkins v. State,* 764 S.W.2d 782, 784 (Tex.Crim.App.1988).

Criminal Evidence, and (3) counsel was not ineffective because the testimony was admissible.

## II. LEGAL SUFFICIENCY REGARDING LIMITATIONS

■ In his third point, appellant contends that because the State did not prove the date the indictment was presented, there was legally insufficient evidence for the jury to find that the offenses were committed before indictment and within the period of limitations. Appellant did not object at trial to any defects in the State's proof regarding presentment. Thus, because the State does not have the burden of disproving a defense the defendant did not bother to raise, appellant waived any error regarding the State's proof and the statute of limitations. *See Proctor v. State,* 967 S.W.2d 840, 844–45 (Tex.Crim.App.1998). We overrule point three.

## III. THE DRUG COUNSELOR'S TESTIMONY

### A. Background Facts

Once in 1988 and again in 1990, appellant overpowered and raped T.W., his stepdaughter. Appellant had been fondling T.W. since about 1986. Shortly after the 1988 rape, T.W. told her brother and cousin. After the 1990 assault, T.W. told her grandmother about the abuse. That night, T.W.'s grandmother told T.W.'s mother, Phyllis Johnson, that she should, "under no circumstances," leave T.W. alone with appellant. A short time later, T.W.'s grandmother explained to Phyllis that appellant had been having sex with T.W. Before this, Phyllis knew that appellant had been "messing with" T.W., but she did not know that they were having sex.

In 1991, appellant checked into a rehabilitation center for his drug abuse problem and began seeing a drug counselor, Kathleen Malone Sterns. During one session when Phyllis was present, appellant admitted to the sexual abuse. Phyllis testified during the State's case-in-chief that, during the counsel-

ing session, appellant "kind of had a funny look on his face" when she confronted him with his abuse of T.W. Phyllis also testified that appellant later said he was "sorry it had happened."

During the State's and appellant's case-in-chief, appellant's trial strategy became clear: Phyllis coached T.W. to accuse appellant of sexual abuse. After appellant rested his case, the State called Sterns as a rebuttal witness to testify about the counseling session:

Q And what was that meeting about?

A His wife confronted him about sexually abusing his—their daughter—her daughter, actually.

. . . .

Q What was his response to this confrontation?

A He was—he minimized it and he tried to put some of the blame on—

[Defense Counsel]: Objection, Your Honor. This is opinion testimony and I do not believe the proper predicate has been laid for this witness to be an expert testi[m]ony witness.

THE COURT: I will sustain the first part of the objection about the characterization of the statements made by [appellant]. All right. Let's continue.

Q [State] Did he admit to the sexual abuse?

A Yes, he did.

Q Did he place any blame upon [T.W.], his stepdaughter?

A Yes, he did.

Appellant now complains in his first point that the admission of this testimony violated the privilege that protects communications made during treatment for drug abuse. *See* TEX.R.CRIM. EVID. 510, 49 TEX. B.J. 226 (Tex. Crim.App.1986, revised 1998) (current version at TEX.R. EVID. 509(b)).[3]

---

**3.** Both former rule of criminal evidence 510 and new rule of evidence 509(b) characterize these communications as privileged. But both rules state that, under certain circumstances, a communication between a patient and a person involved in the treatment of chemical dependency is "not admissible" in a criminal proceeding.

*Compare* TEX.R. EVID. 509(b) *with* TEX.R.CRIM. EVID. 510, 49 TEX B.J. 226 (Tex.Crim.App.1986, revised 1998). Unlike a true privilege, there is no prohibition against mere disclosure—only against admission. Consequently, both the former and the current rule are more akin to an exclusionary rule than a privilege.

## B. Preservation Of Error

 To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. *See* Tex.R.App. P. 33.1(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. *See Taylor v. State*, 939 S.W.2d 148, 155 (Tex.Crim.App. 1996).

While duly considering the State's argument that appellant had not preserved error because the same or similar evidence was admitted elsewhere without objection, we discovered that when the State offered the evidence, appellant did not object to the counselor's testimony based on rule 510—the basis of his appellate complaint regarding the testimony.[4] The court heard arguments outside the jury's presence regarding rule 510 the day before the State offered the counselor's testimony, and the court stated that it believed the testimony to be admissible. But the next day when the State offered the counselor's testimony, appellant did not object based on rule 510. Because appellant did not object to "offered" evidence, his objection was untimely. Tex.R. Evid. 103(a)(1) (formerly Tex.R.App. P. 52(b), 49 Tex. B.J. 573 (Tex.Crim.App.1986, revised 1997)); *cf. Turro v. State*, 950 S.W.2d 390, 400 (Tex.App.—Fort Worth 1997, pet. ref'd) (holding objection must occur when evidence is introduced); *Rawlings v. State*, 874 S.W.2d 740, 743 (Tex.App.—Fort Worth 1994, no pet.) (stating, in dictum, that former appellate rule 52(b) only applies when specific evidence actually offered by proponent); Judge Charles F. Campbell & William P. Green, *Guidelines for Preserving Error or How Not to Drop the Ball*, 54 Tex. B.J. 1178, 1180 (1991) (noting early objection is as fatal as late objection). Accordingly, he has preserved nothing for our review. *See* Tex. R.App. P. 33.1(a)(1); Tex.R. Evid. 103(a)(1).

Further, any error in admitting Sterns's testimony was waived, as the State correctly points out, because the same or similar evidence was admitted through Phyllis without objection. *See Etheridge v. State*, 903 S.W.2d 1, 14 (Tex.Crim.App.1994), *cert. denied*, 516 U.S. 920, 116 S.Ct. 314, 133 L.Ed.2d 217 (1995); *see also Nathan v. State*, 788 S.W.2d 942, 945 (Tex.App.—Fort Worth 1990, no pet.) (error is cured when same evidence or argument has been previously admitted without objection). Although appellant argues that the counselor's testimony was privileged and should not have been admitted over his objection, Phyllis testified about the same confrontation between her and appellant at the counseling session. Thus, Phyllis's testimony proved the same fact that the counselor's testimony sought to prove—that appellant admitted he abused T.W. *See Mack v. State*, 928 S.W.2d 219, 225 (Tex.App.—Austin 1996, pet. ref'd) (holding error not reversible "if other evidence at trial is admitted without objection and it proves the same fact or facts that the inadmissible evidence sought to prove"). Thus, appellant did not timely object and has not preserved error for our review.

For these two reasons, we find that appellant has waived any error in the admission of Sterns's testimony and overrule point one.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

 In his second point, appellant argues that his trial counsel was ineffective for failing to object to Phyllis's, T.W.'s cousin's, and T.W.'s brother's testimony regarding what T.W. told them about the sexual abuse. Appellant argues that such testimony was inadmissible hearsay, which counsel had a "duty" to object to.

 The standard for review of effectiveness of counsel at the guilt-innocence phase of a trial is two-pronged: (1) whether counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) whether there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *See*

---

4. Although neither party raised this exact preservation issue on submission to this court or to the Court of Criminal Appeals, preservation of error is a systemic requirement that we should ordinarily review on our own motion. *See Jones v. State*, 942 S.W.2d 1, 2 n. 1 (Tex.Crim.App.1997).

*Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Valencia v. State,* 946 S.W.2d 81, 83 (Tex.Crim.App.1997) (op. on reh'g). Appellant bears a strong burden to disprove and we apply a strong presumption that counsel's actions fell within the wide range of reasonable professional assistance. *See Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695; *Valencia,* 946 S.W.2d at 83. Of course, if evidence is admissible, counsel will not be found to have been ineffective for failing to object to it. *See McFarland v. State,* 845 S.W.2d 824, 846 (Tex.Crim.App. 1992), *cert. denied,* 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994).

Part of appellant's trial strategy was to try to show that T.W. had been coached into making false allegations against appellant. To combat this strategy, the State elicited testimony from T.W.'s mother, brother, and cousin that T.W. had told them appellant had been "messing with her" and having sex with her. This testimony was not hearsay because it was consistent with T.W.'s testimony and was offered to rebut a charge of recent fabrication or improper influence. *See* TEX.R. EVID. 801(e)(1)(B). Thus, a hearsay objection to this testimony would have been futile. Appellant has not met the first *Strickland* prong, and we overrule his second point. *See, e.g., Jones v. State,* 950 S.W.2d 386, 389 (Tex.App.—Fort Worth 1997, pet. ref'd, untimely filed).

## V. CONCLUSION

We overrule appellant's points and affirm the trial court's judgment.