SUMMERVILLE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-03-432-CR

    
     2-03-433-CR

         2-03-434-CR

RODNEY DALE SUMMERVILLE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION ON APPELLANT’S PETITION FOR DISCRETIONARY REVIEW
(footnote: 1)

------------

Pursuant to rule of appellate procedure 50, we have reconsidered our previous memorandum opinion on appellant 
Rodney Dale Summerville’s 
petition for discretionary review.  
See
 
Tex. R. App. P.
 50.  We withdraw our judgment and memorandum opinion dated August 18, 2005, and substitute the following.

I. Introduction

Appellant Rodney Dale Summerville appeals his conviction by a jury for the offenses of possession of heroin, possession of cocaine with intent to deliver, and possession of a firearm by a felon.  In two points, appellant contends that the trial court erred by (1) denying his pretrial motion to suppress because his federal and state constitutional rights were violated when the officer searched closed containers found in appellant’s truck after arresting appellant on a parole violation warrant, and (2) overruling his objection to testimony that, prior to his arrest, an informant had advised police that appellant had been “cooking dope” at his residence.  We affirm.

II. Background Facts

North Richland Hills Police Officer Harold Ratliff received information from a confidential informant that several people were manufacturing drugs at a house in North Richland Hills.  Officer Ratliff drove by the house and made sure that it matched the informant’s description.  Officer Ratliff discovered from a 911 call made from the house that appellant and Janet Summerville lived at the address.  A driver’s license check revealed that appellant had an arrest warrant for a parole violation.  On August 29, 2001, while conducting surveillance on the house, Officer Ratliff saw appellant get into a truck and drive away.  Officer Ratliff then stopped appellant and arrested him on the parole violation warrant.   After arresting appellant, Officer Ratliff began searching appellant’s truck.  He opened a brown leather case and found a .45 caliber handgun.  In the same leather case, Officer Ratliff found two eyeglass cases that contained cocaine and heroin.  Officer Ratliff also found a nine-millimeter handgun and an SKS rifle in appellant’s truck. 

Appellant was charged in three separate indictments with possession of less than one gram of heroin, possession with intent to deliver more than four grams but less than two hundred grams of cocaine, and possession of a firearm by a felon.  The trial court denied appellant’s motion to suppress evidence seized as a result of Officer Ratliff’s search of appellant’s truck.  Appellant pled not guilty to the charges against him, and a jury found appellant guilty of all three offenses.  At the punishment stage of the trial, appellant pled true to enhancement and habitual offender notices contained in the indictments, and the court assessed his punishment at sixty years’ confinement for each offense, the sentences to run concurrently. 

III. Motion to Suppress

In his first point, appellant argues that the trial court erred by denying his motion to suppress.  Appellant contends that Officer Ratliff violated appellant’s federal and state constitutional rights when he searched closed containers that he found in appellant’s truck.  We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State,
 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court's decision, we do not engage in our own factual review.  
Romero v. State,
 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State,
 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
 State v. Ross,
 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard, 
987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. 
 Johnson v. State,
 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.སྭFort Worth 2004, pet. ref’d);  
Harrison v. State, 
144 S.W.3d 82, 85 (Tex. App.—Fort Worth 2004, pet. granted)
; Best,
 118 S.W.3d at 861-62.  However, when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court's rulings on mixed questions of law and fact.  
Johnson,
 68 S.W.3d at 652-53.

Here, appellant does not challenge his arrest but instead challenges the search of his truck after his arrest.  He argues that the search was illegal and that evidence obtained from the search should have been suppressed.  Because appellant’s point challenges the trial court’s ruling on an application-of-law-to-fact question that does not turn on credibility and demeanor, we review the trial court’s ruling de novo.  
See Johnson
, 68 S.W.3d at 652-53. 

The Fourth Amendment protects against unreasonable searches and seizures.  
U.S. Const
. amend. IV.  For an arrest to be justified under the Fourth  Amendment, it must be accompanied by probable cause to believe that a person has engaged in or is engaging in criminal activity.  
Henry v. United States
, 361 U.S. 98, 102, 80 S. Ct. 168, 171 (1959).  Once a police officer has probable cause to arrest a defendant, the officer may search the passenger compartment of the defendant’s vehicle as a search incident to that arrest.  
Ballard
, 987 S.W.2d at 892.  Further, a police officer may search any containers located within the passenger compartment.  
New York v. Belton
, 453 U.S. 454, 460, 101 S. Ct. 2860, 2864 (1981); 
Williams v. State
, 726 S.W.2d 99, 100 (Tex. Crim. App. 1986); 
Ashton v. State
, 931 S.W.2d 5, 8 (Tex. App.སྭHouston [1st Dist.] 1996, pet. ref’d).  

Article 1, section 9 of the Texas Constitution provides that “people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures and searches.”  
Tex. Const.
 art. 1, § 9.  Appellant cites 
Autran v. State
 in support of his contention that the search of his truck was unconstitutional under the state constitution.  887 S.W.2d 31 (Tex. Crim. App. 1994). In 
Autran
, the court of criminal appeals held that the state constitution provides greater protection than the federal constitution in the context of 
inventory searches
.  
Id. 
at 42.  The court stated that police officers may not rely upon the inventory exception to conduct a warrantless search of closed containers in automobiles.  
Id.  
However, here there is no evidence that Officer Ratliff searched appellant’s truck pursuant to an inventory of the truck.  At the pretrial hearing, Officer Ratliff stated that he was conducting the search as a search incident to arrest.  Therefore, 
Autran 
is inapplicable to this case.  
See Ashton
, 931 S.W.2d at 8.  

In 
Osban v. State
, the court of criminal appeals held that an officer’s search of the passenger compartment of a car was justified under the state constitution as a valid inventory search and as a search incident to arrest after the defendant was arrested.  726 S.W.2d 107, 111 (Tex. Crim. App. 1986), 
overruled on other grounds
, 
Heitman v. State
, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991).  In 
Heitman
, the court of criminal appeals overruled 
Osban
 as it related to inventory searches.  
Heitman
, 815 S.W.2d at 690.  However, the court of criminal appeals did not address the issue of whether the state constitution affords greater protection than the Fourth Amendment for searches conducted incident to the driver’s arrest.  
Ashton
, 931 S.W.2d at 8.  We find no authority supporting appellant’s contention that the propriety of a search incident to arrest is subject to more stringent restrictions under the Texas Constitution than under the Fourth Amendment.  
See id.

Officer Ratliff searched closed containers in the passenger compartment of appellant’s truck after arresting appellant on a parole violation warrant.  Because we conclude that Officer Ratliff’s search did not exceed the scope of a lawful search incident to an arrest under either the federal or state constitutions, we hold that the trial court did not err by denying appellant’s motion to suppress.  We overrule appellant’s first point.  

IV. Extraneous Offense

In his second point, appellant argues that the trial court erred by overruling his objection to evidence of an extraneous uncharged offense because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.  During appellant’s trial, Officer Ratliff gave the following testimony:  

On August 27th of 2001, I was advised by a source of information that a male and a femaleསྭwell, a male and two females, at an address on Newcastle in North Richland Hills, were possibly cooking dope.  And I believe that was the source’s word, “cooking dope.”  

The source advised that one of the females’ name was Marti, one was Jan, and the male was named Rodney.  The source gave me aསྭa description of the residence.  

Appellant objected, arguing that the testimony violated a motion
 
in limine and that its probative value was substantially outweighed by the danger of unfair prejudice.  Appellant also requested a mistrial.  The trial court overruled appellant’s objection and denied his request for a mistrial. 

The State argues that appellant did not preserve error because his objection was not timely.  We disagree.  An objection must be made as soon as the basis for the objection becomes apparent.  
Tex. R. Evid.
 103(a)(1);
 Lagrone v. State
, 942 S.W.2d 602, 618 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 917 (1997); 
Polk v. State
, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).  An early objection is just as fatal as a late one.  
See Johnson v. State
, 977 S.W.2d 725, 728 (Tex. App.—Fort Worth 1998, pet. ref’d) (op. on reh’g) (citing Hon. Charles F. Campbell & William P. Green, 
Guidelines for Preserving Error or How Not to Drop the Ball,
 54 
Tex.
 B.J. 1178, 1180 (1991)).

Here, the basis for appellant’s objection did not become apparent until after Officer Ratliff testified that he had received information that appellant was one of several people who were “cooking dope” at the house on Newcastle.  Almost immediately thereafter, appellant objected and stated the specific grounds for the desired ruling.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).   Therefore, we hold that appellant’s objection was timely and was sufficient to preserve error.  

Having held that appellant preserved error, we next address whether the trial court abused its discretion by overruling appellant’s objection.  We review the trial court’s admission of evidence for abuse of discretion.  
Montgomery v. State
, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990).  Rule 403 of the Texas Rules of Evidence provides that relevant evidence “may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.”  
Tex. R. Evid.
 403.  Courts have allowed evidence of extraneous offenses to establish the circumstances leading to the officer’s approach of the defendant.  
See Levario v. State
, 964 S.W.2d 290, 295-96 (Tex. App.སྭEl Paso 1997, no pet.); 
Cormier v. State
, 955 S.W.2d 161, 162 (Tex. App.སྭAustin 1997, no pet.).  

In 
Cano v. State
, the defendants were convicted of delivery of a controlled substance.  3 S.W.3d 99, 103 (Tex. App.སྭCorpus Christi 1999, pet. ref’d).  The Corpus Christi Court of Appeals held that the trial court did not abuse its discretion by admitting evidence that police had received information that the defendants were dealing drugs out of their house in order to show why the police had focused their investigation on the defendants.  
Id
. at 110-11.  Moreover, the court held that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.  
Id
. at 111.

Similarly, in the present case, evidence that appellant lived at a house in which drugs were being manufactured was admissible to show why Officer Ratliff was watching appellant’s house, why he ran a check on appellant’s license, and why he followed appellant when appellant left the house.  Under the circumstances, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.  
See 
Tex. R. Evid.
 403; 
Cano
, 3 S.W.3d at 110-11.  We overrule appellant’s second point. 

V. Conclusion 
 

Having overruled both of appellant’s points, we affirm the trial court’s judgments.  

PER CURIAM

PANEL A: SAM J. DAY, J. (Retired, Sitting by Assignment); CAYCE, C.J.;  and HOLMAN, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: November 15, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.