COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
2-03-432-CR

                                                2-03-433-CR

                                                2-03-434-CR

 

 

RODNEY DALE SUMMERVILLE                                               APPELLANT

 

 

                                                   V.

 

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

MEMORANDUM
OPINION ON APPELLANT=S PETITION FOR DISCRETIONARY
REVIEW[1]

 

                                              ------------

Pursuant to rule of appellate procedure 50, we have reconsidered our
previous memorandum opinion on appellant Rodney Dale Summerville=s petition for discretionary review. 
See Tex. R. App. P.
50.  We withdraw our judgment and
memorandum opinion dated August 18, 2005, and substitute the following.








I. Introduction

Appellant Rodney Dale Summerville appeals his conviction by a jury for
the offenses of possession of heroin, possession of cocaine with intent to
deliver, and possession of a firearm by a felon.  In two points, appellant contends that the
trial court erred by (1) denying his pretrial motion to suppress because his
federal and state constitutional rights were violated when the officer searched
closed containers found in appellant=s truck after arresting appellant on a parole violation warrant, and
(2) overruling his objection to testimony that, prior to his arrest, an
informant had advised police that appellant had been Acooking dope@ at his
residence.  We affirm.

II. Background Facts








North Richland Hills Police Officer Harold Ratliff received
information from a confidential informant that several people were
manufacturing drugs at a house in North Richland Hills.  Officer Ratliff drove by the house and made
sure that it matched the informant=s description.  Officer Ratliff
discovered from a 911 call made from the house that appellant and Janet
Summerville lived at the address.  A
driver=s license check revealed that appellant had an arrest warrant for a
parole violation.  On August 29, 2001,
while conducting surveillance on the house, Officer Ratliff saw appellant get
into a truck and drive away.  Officer
Ratliff then stopped appellant and arrested him on the parole violation
warrant.  After arresting appellant, Officer Ratliff began searching appellant=s truck.  He opened a brown
leather case and found a .45 caliber handgun. 
In the same leather case, Officer Ratliff found two eyeglass cases that
contained cocaine and heroin.  Officer
Ratliff also found a nine-millimeter handgun and an SKS rifle in appellant=s truck. 

Appellant was charged in three separate indictments with possession of
less than one gram of heroin, possession with intent to deliver more than four
grams but less than two hundred grams of cocaine, and possession of a firearm
by a felon.  The trial court denied
appellant=s motion to
suppress evidence seized as a result of Officer Ratliff=s search of appellant=s truck.  Appellant pled not
guilty to the charges against him, and a jury found appellant guilty of all
three offenses.  At the punishment stage
of the trial, appellant pled true to enhancement and habitual offender notices
contained in the indictments, and the court assessed his punishment at sixty
years= confinement for each offense, the sentences to run concurrently. 

III. Motion to Suppress








In his first point, appellant argues that the trial court erred by
denying his motion to suppress. 
Appellant contends that Officer Ratliff violated appellant=s federal and state constitutional rights when he searched closed
containers that he found in appellant=s truck.  We review a trial
court's ruling on a motion to suppress evidence under a bifurcated standard of
review.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court's decision, we do not engage in our own factual review.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  State v. Ross, 32 S.W.3d 853, 855 (Tex.
Crim. App. 2000); State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App.
1999).  Therefore, we give almost total
deference to the trial court's rulings on (1) questions of historical fact and
(2) application-of-law-to-fact questions that turn on an evaluation of
credibility and demeanor.  Johnson v.
State, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); State v. Ballman,
157 S.W.3d 65, 68 (Tex. App._Fort Worth 2004, pet. ref=d);  Harrison v. State, 144
S.W.3d 82, 85 (Tex. App.CFort Worth
2004, pet. granted); Best, 118 S.W.3d at 861-62.  However, when the trial court=s rulings do not turn on the credibility and demeanor of the
witnesses, we review de novo a trial court's rulings on mixed questions of law
and fact.  Johnson, 68 S.W.3d at
652-53.








Here, appellant does not challenge his arrest but instead challenges
the search of his truck after his arrest. 
He argues that the search was illegal and that evidence obtained from
the search should have been suppressed. 
Because appellant=s point
challenges the trial court=s ruling on an application-of-law-to-fact question that does not turn
on credibility and demeanor, we review the trial court=s ruling de novo.  See
Johnson, 68 S.W.3d at 652-53. 

The Fourth Amendment protects against unreasonable searches and
seizures.  U.S. Const. amend. IV. 
For an arrest to be justified under the Fourth  Amendment, it must be accompanied by probable
cause to believe that a person has engaged in or is engaging in criminal
activity.  Henry v. United States,
361 U.S. 98, 102, 80 S. Ct. 168, 171 (1959). 
Once a police officer has probable cause to arrest a defendant, the
officer may search the passenger compartment of the defendant=s vehicle as a search incident to that arrest.  Ballard, 987 S.W.2d at 892.  Further, a police officer may search any
containers located within the passenger compartment.  New York v. Belton, 453 U.S. 454, 460,
101 S. Ct. 2860, 2864 (1981); Williams v. State, 726 S.W.2d 99, 100
(Tex. Crim. App. 1986); Ashton v. State, 931 S.W.2d 5, 8 (Tex. App._Houston
[1st Dist.] 1996, pet. ref=d).  








Article 1, section 9 of the Texas Constitution provides that Apeople shall be secure in their persons, houses, papers and
possessions, from all unreasonable seizures and searches.@  Tex. Const. art. 1, ' 9.  Appellant cites Autran
v. State in support of his contention that the search of his truck was
unconstitutional under the state constitution. 
887 S.W.2d 31 (Tex. Crim. App. 1994). In Autran, the court of
criminal appeals held that the state constitution provides greater protection
than the federal constitution in the context of inventory searches.  Id. at 42.  The court stated that police officers may not
rely upon the inventory exception to conduct a warrantless search of closed
containers in automobiles.  Id.  However, here there is no evidence that
Officer Ratliff searched appellant=s truck pursuant to an inventory of the truck.  At the pretrial hearing, Officer Ratliff
stated that he was conducting the search as a search incident to arrest.  Therefore, Autran is inapplicable to
this case.  See Ashton, 931 S.W.2d
at 8.  








In Osban v. State, the court of criminal appeals held that an
officer=s search of the passenger compartment of a car was justified under the
state constitution as a valid inventory search and as a search incident to
arrest after the defendant was arrested. 
726 S.W.2d 107, 111 (Tex. Crim. App. 1986), overruled on other
grounds, Heitman v. State, 815 S.W.2d 681, 690 (Tex. Crim. App.
1991).  In Heitman, the court of
criminal appeals overruled Osban as it related to inventory
searches.  Heitman, 815 S.W.2d at
690.  However, the court of criminal
appeals did not address the issue of whether the state constitution affords
greater protection than the Fourth Amendment for searches conducted incident to
the driver=s
arrest.  Ashton, 931 S.W.2d at
8.  We find no authority supporting
appellant=s contention
that the propriety of a search incident to arrest is subject to more stringent
restrictions under the Texas Constitution than under the Fourth Amendment.  See id.

Officer Ratliff searched closed containers in the passenger
compartment of appellant=s truck
after arresting appellant on a parole violation warrant.  Because we conclude that Officer Ratliff=s search did not exceed the scope of a lawful search incident to an
arrest under either the federal or state constitutions, we hold that the trial
court did not err by denying appellant=s motion to suppress.  We overrule
appellant=s first
point.  

IV. Extraneous Offense

In his second point, appellant argues that the trial court erred by
overruling his objection to evidence of an extraneous uncharged offense because
the probative value of the evidence was substantially outweighed by the danger
of unfair prejudice.  During appellant=s trial, Officer Ratliff gave the following testimony:  

On
August 27th of 2001, I was advised by a source of information that a male and a
female_well,
a male and two females, at an address on Newcastle in North Richland Hills,
were possibly cooking dope.  And I
believe that was the source=s word, Acooking
dope.@  

 

The
source advised that one of the females= name was Marti, one was Jan,
and the male was named Rodney.  The
source gave me a_a
description of the residence.  








Appellant objected, arguing that the testimony violated a motion in
limine and that its probative value was substantially outweighed by the danger
of unfair prejudice.  Appellant also
requested a mistrial.  The trial court
overruled appellant=s objection
and denied his request for a mistrial. 

The State argues that appellant did not preserve error because his
objection was not timely.  We
disagree.  An objection must be made as
soon as the basis for the objection becomes apparent.  Tex.
R. Evid. 103(a)(1); Lagrone v. State, 942 S.W.2d 602, 618 (Tex.
Crim. App.), cert. denied, 522 U.S. 917 (1997); Polk v. State,
729 S.W.2d 749, 753 (Tex. Crim. App. 1987). 
An early objection is just as fatal as a late one.  See Johnson v. State, 977 S.W.2d 725,
728 (Tex. App.CFort Worth
1998, pet. ref=d) (op. on
reh=g) (citing Hon. Charles F. Campbell & William P. Green, Guidelines
for Preserving Error or How Not to Drop the Ball, 54 Tex. B.J. 1178, 1180 (1991)).








Here, the basis for appellant=s objection did not become apparent until after Officer Ratliff
testified that he had received information that appellant was one of several
people who were Acooking dope@ at the house on Newcastle. 
Almost immediately thereafter, appellant objected and stated the
specific grounds for the desired ruling. 
See Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).  
Therefore, we hold that appellant=s objection was timely and was sufficient to preserve error.  

Having held that appellant preserved error, we next address whether
the trial court abused its discretion by overruling appellant=s objection.  We review the
trial court=s admission
of evidence for abuse of discretion.  Montgomery
v. State, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990).  Rule 403 of the Texas Rules of Evidence
provides that relevant evidence Amay be excluded if its probative value is substantially outweighed by
the danger of unfair prejudice, confusion of the issues, or misleading the
jury, or by considerations of undue delay, or needless presentation of
cumulative evidence.@  Tex.
R. Evid. 403.  Courts have allowed
evidence of extraneous offenses to establish the circumstances leading to the
officer=s approach of the defendant.  See
Levario v. State, 964 S.W.2d 290, 295-96 (Tex. App._El
Paso 1997, no pet.); Cormier v. State, 955 S.W.2d 161, 162 (Tex. App._Austin
1997, no pet.).  








In Cano v. State, the defendants were convicted of delivery of
a controlled substance.  3 S.W.3d 99, 103
(Tex. App._Corpus Christi 1999, pet. ref=d).  The Corpus Christi Court of
Appeals held that the trial court did not abuse its discretion by admitting
evidence that police had received information that the defendants were dealing
drugs out of their house in order to show why the police had focused their
investigation on the defendants.  Id.
at 110-11.  Moreover, the court held that
the probative value of the evidence was not substantially outweighed by the
danger of unfair prejudice.  Id.
at 111.

Similarly, in the present case, evidence that appellant lived at a
house in which drugs were being manufactured was admissible to show why Officer
Ratliff was watching appellant=s house, why he ran a check on appellant=s license, and why he followed appellant when appellant left the
house.  Under the circumstances, the
probative value of the evidence was not substantially outweighed by the danger
of unfair prejudice.  See Tex. R. Evid. 403; Cano, 3
S.W.3d at 110-11.  We overrule appellant=s second point. 

V. Conclusion  

Having overruled both of appellant=s points, we affirm the trial court=s judgments.  

 

 

PER
CURIAM

 

PANEL
A:   SAM J. DAY, J. (Retired, Sitting by
Assignment); CAYCE, C.J.;  and HOLMAN, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
November 15, 2005











[1]See Tex. R. App. P. 47.4.