JARED V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-014-CR

JACK MELVIN JARED APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jack Melvin Jared appeals his conviction of aggravated sexual assault of a child under fourteen years of age and indecency with a child by contact. In his sole point, appellant argues that the trial court erred by denying his objection to testimony regarding extraneous offenses because the State’s notice of intent to introduce the extraneous offenses was not timely filed. We affirm.

In January of 2003, a ten-year-old complainant told her mother, Annice, that appellant, complainant’s adoptive father and Annice’s then-husband, gave her some thong underwear.  Annice confronted appellant about the purchase, and appellant said that he bought the underwear for complainant because “she kept asking for it repeatedly, so he gave in and bought it for her.”  Appellant agreed that he would not buy complainant any more underwear. In May of 2003, Annice found a vibrator and a tube of KY jelly in complainant’s night stand drawer. Annice again confronted appellant, who said he bought those things for Annice as a surprise and complainant must have found them.  Annice then asked appellant to leave the house, and they soon divorced. 

At the time appellant moved out of the house, Annice noticed behavioral changes in complainant.  Complainant was withdrawn, upset, and her grades began to drop.  In addition, after spending time with appellant during visitation, complainant would be angry and lash out. Complainant also began having nightmares and cutting herself. One night, complainant came crying into Annice’s room and told her that appellant touched her and gave her the vibrator.  Annice contacted the police. 

On November 16, 2004, Lindsay Dula, an investigator with Child Protective Services, interviewed complainant.  Complainant told Dula that appellant “touched her vagina underneath her clothes, that he touched her chest as well and that he touched her with a sexual toy and that he encouraged her to take photographs of herself without any clothes on.” 

On May 16, 2005, the grand jury indicted appellant on two counts of aggravated sexual assault of a child younger than fourteen and two counts of indecency with a child younger than seventeen.  Appellant waived a jury trial; the trial court found him guilty on all four counts and sentenced him to eighteen years in the Institutional Division of the Texas Department of Criminal Justice for each count. 

In his sole point, appellant contends that the trial court committed reversible error by denying his objection to testimony regarding extraneous offenses during the guilt-innocence phase of the trial.  Appellant claims that the State’s notice of intent to introduce the extraneous offenses was not timely filed under rule of evidence 
404(b), which requires the State, upon timely request of the accused, to give reasonable notice if it intends to introduce extraneous offense evidence during the guilt-innocence phase of the trial. 
 
Tex. R. Evid.
 404(b).  Specifically, appellant argues that the State did not give reasonable notice of its intent to introduce extraneous offense evidence by giving such notice on December 29, 2007, along with an amended notice on the morning of the trial, January 2, 2007.  The State responds that appellant failed to preserve error on this issue.  

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

An objection must be made as soon as the basis for the objection becomes apparent.  
Tex. R. Evid.
 103(a)(1);
 Lagrone v. State
, 942 S.W.2d 602, 618 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 917 (1997); 
Polk v. State
, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).  An early objection is just as fatal as a late one.  
See Johnson v. State
, 977 S.W.2d 725, 728 (Tex. App.—Fort Worth 1998, pet. ref’d) (op. on reh’g) (citing Hon. Charles F. Campbell & William P. Green, 
Guidelines for Preserving Error or How Not to Drop the Ball,
 54 
Tex.
 B.J. 1178, 1180 (1991)).

In his brief, appellant refers to three instances when he objected to the admission of extraneous evidence. During 
pretrial, appellant objected as follows:

Appellant: Judge, there’s some extraneous indictments from out of county.  And I don’t know whether — at this stage, I don’t know whether the defendant will testify or not. I understand that he can be cross-examined.  But on the case-in-chief on guilt/innocence, that’s what it amounts to. 

 

State: I filed a response to the 404(b) and extraneous.  And some of — some of the information listed is the same contextual transaction behavior, which I believe is admissible in guilt/innocence. 

At that point, appellant did not press for a ruling but instead told the trial court, “I’ll make my objections at the appropriate time.”  The trial court carried the motion forward.  Additionally, appellant failed to object to the timeliness of the State’s 404(b) notice. 

The next time appellant objected to extraneous offense evidence was before Annice testified: “I intend to object regarding the extraneous incidences that happened in other counties.”  
The trial court then asked whether the State had complied with the notice requirements of rule 404(b), and appellant replied:

I have — well, the first amended notice was filed this morning.  I had notice on the other one.  I don’t know the date that it was filed. One was filed December 29th
.  Now, I understand since we’re going to the Court, the Court can basically carve out testimony that shouldn’t be considered, and it’s difficult to argue something that should or should not come in because the Court hasn’t heard anything.  

The trial court said it would listen to the testimony and rule on the objection later, and both parties agreed.  At that point, appellant failed to obtain a ruling.  Furthermore, appellant did not specifically object to the timeliness of the notice although it appears from the trial court’s questions that it was concerned about the timeliness of the notice. 

Finally, appellant complained of extraneous offense evidence during complainant’s testimony.  The State asked complainant about pictures she took of herself at appellant’s request.  At that time, the State informed the trial court, “[T]his may be going into some of that information in the 404(b).”  The trial court told the State to proceed, and at no time did appellant object.

In none of these instances did appellant object to any specific testimony nor did he obtain a ruling on any of the objections he did make.  In the first instance, appellant stated he would make objections at the appropriate time.  In the second instance, appellant said he intended to object to the extraneous offenses, but the parties agreed to defer the ruling.  And lastly, appellant failed to object or obtain a ruling even after the State brought the extraneous offense evidence to the trial court’s attention
.  Because evidentiary error is not fundamental, appellant waived this issue by failing to object and by failing to obtain a ruling regarding the admissibility of the extraneous offense evidence.  
Saldano v. State, 
70 S.W.3d 873, 889 (Tex. Crim. App. 2002) (en banc). 
We 
overrule appellant’s sole point.

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 25, 2007

FOOTNOTES
1:
See
 
Tex. R. App
. P. 47.4.