COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-014-CR

 

 

JACK MELVIN JARED                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Jack Melvin Jared
appeals his conviction of aggravated sexual assault of a child under fourteen
years of age and indecency with a child by contact. In his sole point,
appellant argues that the trial court erred by denying his objection to testimony
regarding extraneous offenses because the State=s notice of intent to introduce the extraneous offenses was not timely
filed. We affirm.








In January of 2003, a
ten-year-old complainant told her mother, Annice, that appellant, complainant=s adoptive father and Annice=s then-husband, gave her some thong underwear.  Annice confronted appellant about the
purchase, and appellant said that he bought the underwear for complainant
because Ashe kept asking for it repeatedly, so he gave in and bought it for
her.@  Appellant agreed that he would
not buy complainant any more underwear. In May of 2003, Annice found a vibrator
and a tube of KY jelly in complainant=s night stand drawer. Annice again confronted appellant, who said he
bought those things for Annice as a surprise and complainant must have found
them.  Annice then asked appellant to
leave the house, and they soon divorced. 

At the time appellant moved
out of the house, Annice noticed behavioral changes in complainant.  Complainant was withdrawn, upset, and her
grades began to drop.  In addition, after
spending time with appellant during visitation, complainant would be angry and
lash out. Complainant also began having nightmares and cutting herself. One
night, complainant came crying into Annice=s room and told her that appellant touched her and gave her the
vibrator.  Annice contacted the police. 








On November 16, 2004, Lindsay
Dula, an investigator with Child Protective Services, interviewed
complainant.  Complainant told Dula that
appellant Atouched her
vagina underneath her clothes, that he touched her chest as well and that he
touched her with a sexual toy and that he encouraged her to take photographs of
herself without any clothes on.@ 

On May 16, 2005, the grand
jury indicted appellant on two counts of aggravated sexual assault of a child
younger than fourteen and two counts of indecency with a child younger than
seventeen.  Appellant waived a jury
trial; the trial court found him guilty on all four counts and sentenced him to
eighteen years in the Institutional Division of the Texas Department of Criminal
Justice for each count. 

In his sole point, appellant contends that the trial court
committed reversible error by denying his objection to testimony regarding
extraneous offenses during the guilt-innocence phase of the trial.  Appellant claims that the State=s notice of intent
to introduce the extraneous offenses was not timely filed under rule of
evidence 404(b), which requires the State, upon timely request of the accused,
to give reasonable notice if it intends to introduce extraneous offense
evidence during the guilt-innocence phase of the trial.  Tex.
R. Evid. 404(b).  Specifically,
appellant argues that the State did not give reasonable notice of its intent to
introduce extraneous offense evidence by giving such notice on December 29,
2007, along with an amended notice on the morning of the trial, January 2,
2007.  The State responds that appellant
failed to preserve error on this issue.  








To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526 U.S. 1070
(1999).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).

An objection must be made as soon as the basis for the
objection becomes apparent.  Tex. R. Evid. 103(a)(1); Lagrone v.
State, 942 S.W.2d 602, 618 (Tex. Crim. App.), cert. denied, 522 U.S.
917 (1997); Polk v. State, 729 S.W.2d 749, 753 (Tex. Crim. App.
1987).  An early objection is just as
fatal as a late one.  See Johnson v.
State, 977 S.W.2d 725, 728 (Tex. App.CFort Worth 1998,
pet. ref=d) (op. on reh=g) (citing Hon.
Charles F. Campbell & William P. Green, Guidelines for Preserving Error
or How Not to Drop the Ball, 54 Tex.
B.J. 1178, 1180 (1991)).

In his brief, appellant refers to three instances when he
objected to the admission of extraneous evidence. During pretrial, appellant
objected as follows:








Appellant:     Judge, there=s some extraneous indictments from out                   of county.  And I don=t know whether C at this stage,               I
don=t know whether the defendant will
testify or not.               I understand
that he can be cross-examined.  But on            the case-in-chief on guilt/innocence,
that=s what it                    amounts to. 

 

State: I filed a response to the 404(b) and extraneous.  And                   some
of C some of the information listed is
the same               contextual
transaction behavior, which I believe is               admissible in guilt/innocence. 

 

At that point, appellant did not press for a ruling
but instead told the trial court, AI=ll make my
objections at the appropriate time.@  The trial court carried the motion
forward.  Additionally, appellant failed
to object to the timeliness of the State=s 404(b) notice. 

The next time appellant objected to
extraneous offense evidence was before Annice testified: AI intend to object
regarding the extraneous incidences that happened in other counties.@  The trial court then asked whether the State
had complied with the notice requirements of rule 404(b), and appellant
replied:

I have C well, the first amended notice was
filed this morning.  I had notice on the
other one.  I don=t know the date that it was filed.
One was filed December 29th.  Now, I
understand since we=re going to the Court, the Court
can basically carve out testimony that shouldn=t be considered, and it=s difficult to argue something that
should or should not come in because the Court hasn=t heard anything.  

 








The
trial court said it would listen to the testimony and rule on the objection
later, and both parties agreed.  At that
point, appellant failed to obtain a ruling. 
Furthermore, appellant did not specifically object to the timeliness of
the notice although it appears from the trial court=s questions that
it was concerned about the timeliness of the notice. 

Finally, appellant complained of extraneous offense
evidence during complainant=s testimony.  The State asked complainant about pictures
she took of herself at appellant=s request.  At that time, the State informed the trial
court, A[T]his may be
going into some of that information in the 404(b).@  The trial court told the State to proceed,
and at no time did appellant object.








In none of these instances did appellant object to any
specific testimony nor did he obtain a ruling on any of the objections he did
make.  In the first instance, appellant
stated he would make objections at the appropriate time.  In the second instance, appellant said he
intended to object to the extraneous offenses, but the parties agreed to defer
the ruling.  And lastly, appellant failed
to object or obtain a ruling even after the State brought the extraneous
offense evidence to the trial court=s attention.  Because evidentiary error is not fundamental,
appellant waived this issue by failing to object and by failing to obtain a
ruling regarding the admissibility of the extraneous offense evidence.  Saldano v. State, 70 S.W.3d 873, 889
(Tex. Crim. App. 2002) (en banc). We overrule
appellant=s sole
point.

Having overruled appellant=s sole point, we affirm the trial court=s judgment.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL F:    LIVINGSTON, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 25, 2007

 

 











[1]See Tex. R. App. P. 47.4.