

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00033-CR

_____

LAJERRIAN MONTAE MORGAN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1586824R

---

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

## I. Introduction

A jury convicted Appellant Lajerrian Montae Morgan of murder and assessed his punishment at 40 years' confinement. In three issues on appeal, Appellant argues that the trial court abused its discretion by admitting evidence that was irrelevant and inadmissible. The State responds that Appellant has failed to preserve these complaints for our review. We affirm.

## II. Background

With his very first paycheck in hand, 18-year-old Chaz Gilley went to Walmart on October 7, 2016, to cash the check and buy his first iPhone. While in Walmart, two men, one of whom was later identified as Appellant, watched Chaz take a large amount of cash out of his wallet to buy his new phone.

After Chaz left Walmart and rode his bike down Berry Street, the men followed him in their car. At the intersection of Berry Street and Canberra Court, their car sped through the stop sign and hit the back of Chaz's bike, knocking him to the ground. Appellant got out of the passenger's side of the car and, as Chaz started to run away, Appellant shot him three times—once in the right upper chest, once in the lower back, and once in the left knee. But Chaz continued to flee until he was picked up by someone in a passing car and taken to a nearby fire station. From there, he was transported to the hospital where he died the next day.

During trial, Walmart's Loss Prevention Officer (LPO) testified about surveillance footage taken at Walmart prior to Chaz's death.[1] The LPO explained at trial that he had zoomed in on Appellant because he appeared to be acting suspicious. When the State asked the LPO what Appellant was doing that looked suspicious, Appellant's counsel objected based on Texas Rule of Evidence 403. *See* Tex. R. Evid. 403. After the trial court overruled Appellant's objection, the LPO testified that Appellant looked suspicious because he was moving quickly through the store as if he was looking for something. But the LPO also clarified that he eventually quit watching Appellant because he did not steal anything.

Despite his objection to the LPO's testimony on direct examination, during cross examination, Appellant's counsel revisited the subject of the LPO's suspicion of Appellant by asking him, "So what was it specifically that was suspicious that caused you to zoom in on that individual?" Appellant's counsel also asked the LPO several follow-up questions inquiring about the nature of his suspicion and confirming that the LPO had not witnessed Appellant steal anything.

During trial the State also offered into evidence State's Exhibit 86, a DVD containing the Walmart surveillance footage from the day of the incident, which included the zoomed-in footage referred to by the LPO during his testimony.

---

[1]Because the LPO had happened to zoom the camera in on Appellant while he was in the store, detectives were able to retrieve identifying information, including a cracked phone screen, an ID badge, his bruised thumb, and his bracelet.

Appellant's counsel objected to Exhibit 86, relying on and referencing an objection lodged at a pretrial hearing.[2] The trial court overruled Appellant's objection and allowed the admission and publication of Exhibit 86. Later, the State offered into evidence State's Exhibit 87, a DVD containing security video footage from Walmart that had been compiled by experts and that included the same footage as Exhibit 86.[3] Appellant's counsel lodged no objection to the admission of Exhibit 87. The State also offered into evidence State's Exhibits 20 through 44, which were still photographs from portions of the video footage depicted in State's Exhibits 86 and 87. Once again, Appellant did not object, and Exhibits 20 through 44 were admitted into evidence.

At the conclusion of trial, the jury found Appellant guilty of murder. The jury assessed Appellant's punishment at 40 years' imprisonment, and the trial court sentenced him accordingly.

### III. Discussion

In his three issues, Appellant complains about the relevance and admissibility of the Walmart surveillance footage and testimony set out above. The State responds that Appellant has failed to preserve error on these issues. We agree.

---

[2]In a pretrial hearing, Appellant's counsel objected to the testimony from the LPO and the admission of the zoomed-in video footage from State's Exhibit 86 under Texas Rule of Evidence 403, *see* Tex. R. Evid. 403, but he did not request a running objection.

[3]Exhibit 86 consists of 22 separate video segments on a single disk and Exhibit 87 is a compilation of these same video segments into a single video.

## A. Applicable Law

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). Because it is a systemic requirement, this court should independently review error preservation, as we have a duty to ensure that a claim is properly preserved in the trial court before we address its merits. *Darcy v. State*, 488 S.W.3d 325, 327–28 (Tex. Crim. App. 2016).

Ordinarily, a party must object each time objectionable evidence is offered. *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *Clay v. State*, 361 S.W.3d 762, 766 (Tex. App.—Fort Worth 2012, no pet.). And, generally, "when a defendant objects to evidence at trial but later allows substantially the same evidence to be admitted without objection, any error in admitting the objected-to evidence is waived." *Garcia v. State*, 6 S.W.3d 765, 767 (Tex. App.—Fort Worth 1999, pet. ref'd) (citing *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)). Therefore, error in the overruling of an objection to evidence will not result in a reversal if the same evidence, or substantially similar evidence, was admitted into evidence without objection either before or after the ruling complained of. *Id.*; *see also Leday*, 983 S.W.2d at 718.

In *Johnson v. State*, we analyzed an error preservation issue similar to the one presented here. 977 S.W.2d 725 (Tex. App. —Fort Worth 1998, pet. ref'd) (op. on

5

reh'g). In *Johnson*, the defendant's attorney objected to adverse testimony when it was first presented but then failed to object to the same testimony when it was presented later in the trial. *Id.* at 728. We held that because the defendant's attorney did not timely object to the subsequent testimony, the defendant failed to preserve error in the admission of the earlier testimony. *Id.*

## B. Analysis

In this case, Appellant challenges the trial court's admission of both the surveillance video footage and the LPO's testimony about that footage. As to both complaints, Appellant failed to preserve error.

With regard to the admission of the LPO's testimony about the video footage, Appellant failed to preserve error by eliciting the same testimony through Appellant's own questions of the LPO during cross examination. While Appellant's counsel objected to the LPO's testimony when he first discussed why he believed Appellant was acting suspiciously, during cross examination of the LPO, Appellant's counsel returned to the same line of questioning. Because Appellant's counsel questioned the LPO as to why he believed Appellant seemed suspicious, any error in the admission of testimony by the LPO that he initially thought Appellant was acting suspiciously has not been preserved for our review.

Likewise, Appellant failed to preserve error on the admission of the video surveillance footage. The surveillance footage was admitted into evidence in three ways: (1) through the raw video footage in State's Exhibit 86, (2) through the compiled video

footage in State's Exhibit 87, and (3) through still photographs of the video footage in State's Exhibits 20 through 44. Although Appellant's counsel timely objected to the admission of the raw video footage in State's Exhibit 86, that same footage was contained in State's Exhibit 87 and in still photographs in State's Exhibits 20 through 44. Appellant acknowledges in his brief, "[D]efense counsel did not object to Exhibit 87" when it was first referred to during the LPO's testimony. And when the State later offered Exhibit 87 into evidence, Appellant again voiced no objection. Likewise, when the State offered Exhibits 20 through 44 into evidence, Appellant's counsel stated that they "ha[d] no objection to State's Exhibit[s] 20 through 44 inclusively."

By failing to object to the admission of Exhibit 87 and Exhibits 20 through 44, and by allowing some of the same images and footage that were objected to in Exhibit 86 to be admitted without objection, Appellant failed to preserve error as to the admission of the evidence he now complains about on appeal. Appellant's three issues are overruled.

## IV. Conclusion

Having overruled Appellant's three issues, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 15, 2021

7