Michelle Lynn ASHTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–95–00712–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 23, 1996.

Rehearing Overruled Oct. 14, 1996.

Timothy A. Hootman, La Porte, for Appellant.

John B. Holems, Jr., S. Elaine Roch, Houston, for Appellee.

Before WILSON, COHEN and O'CONNOR, JJ.

## OPINION

WILSON, Justice.

Appellant, Michelle Lynn Ashton, appeals from her conviction for possession of a controlled substance. The trial court denied a motion to suppress evidence filed by appellant. Pursuant to a plea agreement, appellant pled no contest to possession of less than one gram of cocaine. The trial court found appellant guilty and sentenced her to two-years confinement, probated for four years, and imposed a $250 fine. In one point of error, appellant argues the trial court erred in denying her motion to suppress. We affirm.

### Summary of facts

At the hearing on appellant's motion to suppress, Officer Leslie Wills of the Houston Police Department testified she was dispatched to the 2000 block of Gillette at about 6:00 a.m. on October 28, 1994. Officer Wills stated the call concerned several persons buying and selling narcotics. When the officer arrived, she saw a red Toyota parked on the side of the street. Wills approached the car and saw three people in the car. Appellant was in the driver's seat. Officer Wills stated the car door was open and she asked appellant what she was doing. When appellant answered, Wills noticed appellant's speech was slurred and she smelled of alcohol. Appellant was then arrested for public intoxication.

Officer Wills placed appellant in her patrol car and requested some identification. Appellant told the officer her identification was in her purse in the car. Wills returned to appellant's car and found the purse open between the front seats. The officer found appellant's identification loose in the bottom of the purse next to a clear plastic bag containing a white powder. A field test showed the powder was cocaine. On cross-examination, Officer Wills stated other officers were already present when she arrived at the scene but she did not know if they had spoken to appellant or opened the car door before Wills arrived. No other officers testified.

Anne Reddinger testified she was a passenger in appellant's car the night appellant was arrested. Reddinger stated appellant stopped the car to let out the third occupant of the car, an unidentified man. According to Reddinger, the car was stopped with the doors closed and the windows rolled up when a male police officer walked up and motioned for appellant to roll down the window. Reddinger stated appellant complied with the officer's request and rolled down the window. Reddinger added that more police officers arrived later. Reddinger was also arrested for public intoxication.

### Warrantless search of the purse

In her sole point of error, appellant contends the trial court committed error by denying her motion to suppress the cocaine seized from her purse because the male officer did not have reasonable suspicion to make an investigatory stop and the search of appellant's purse by Officer Wills was in violation of article one, section nine of the Texas Constitution.

The standard for reviewing a trial court's ruling on a motion to suppress evidence is abuse of discretion. *Long v. State*, 823 S.W.2d 259, 277 (Tex.Crim.App.1991). At a hearing on a motion to suppress, the trial court is the sole trier of fact and judge of the credibility of the witnesses as well as the weight to be given their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim.App.1990); *Brooks v. State*, 830 S.W.2d 817, 820 (Tex.App.—Houston [1st Dist.] 1992, no pet.). On appellate review, the evidence presented at the suppression hearing is viewed in the light most favorable to the trial court's ruling to determine whether the trial court abused its discretion in denying the

motion to suppress. *Whitten v. State,* 828 S.W.2d 817, 820 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

■ Appellant initially contends she was improperly detained by officers when the unidentified male officer asked her to roll down her car window. To justify an investigative detention, an officer must have a reasonable suspicion, based on specific articulable facts that, in light of the officer's experience and general knowledge, lead the officer to the reasonable conclusion that criminal activity is underway and the detained person is connected to the activity. *Holladay v. State,* 805 S.W.2d 464, 471 (Tex.Crim.App.1991); *Barnes v. State,* 870 S.W.2d 74, 78 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd).

■ However, no stop or detention occurs, for fourth amendment [1] purposes, if a police officer merely approaches a person in a public place and asks questions, as long as the person is free to leave. *See Daniels v. State,* 718 S.W.2d 702, 704–05 (Tex.Crim.App.), *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 252 (1986); *Barnes,* 870 S.W.2d at 77. Police are as free as anyone else to ask questions of their fellow citizens. *Holladay,* 805 S.W.2d at 471; *Barnes,* 870 S.W.2d at 78. The Court of Criminal Appeals has held that an investigatory detention does not occur when an officer approaches a parked car in a public place and knocks on the window. *See Merideth v. State,* 603 S.W.2d 872, 873 (Tex. Crim.App.1980).

Appellant relies on *Ebarb v. State,* 598 S.W.2d 842 (Tex.Crim.App.1979), for her contention that an investigatory detention occurs when a person in a parked car is ordered to roll down the window or open the door. In *Ebarb,* based on an informant's tip that the defendant was in possession of narcotics and a handgun, officers followed the defendant's car until it pulled into a private driveway, then blocked the driveway, approached the car, and detained the defendant's son. 598 S.W.2d at 843–44. The defendant's car was searched pursuant to the defendant's consent, but the officer who approached the car testified the defendant would not have been

allowed to leave once stopped. *Id.* at 844 n. 1. Unlike the defendant in *Ebarb,* appellant was already parked in a public place when approached by officers. In addition, there is nothing in the record to indicate appellant was not free to leave when questioned. Therefore, *Ebarb* is distinguishable on its facts.

Because no investigatory detention occurred when the unidentified officer approached appellant sitting in a parked car in a public place and asked her to roll down her window, we conclude the officer did not need reasonable suspicion to justify his actions. Further, the record does not indicate appellant was arrested or searched pursuant to this initial encounter with the police. Officer Wills testified she approached appellant's car independently and unaware of any previous questioning by any other officers. Wills stated one of the car doors was open when she approached and questioned appellant. There is no testimony to indicate appellant was ordered to leave the window and/or door open after the initial encounter with the officers. Wills testified she arrested appellant for public intoxication after observing her slurred speech and smelling alcohol on her, and her decision to arrest appellant does not appear from the evidence to have been based on any information received from other officers.

■ Appellant does not contest the existence of probable cause to arrest her for public intoxication at the time Officer Wills questioned her, but argues the officer's search of her purse was in violation of article one, section nine of the Texas Constitution.

Appellant contests the search under the provisions of the Texas Constitution and relies on *Autran v. State,* 887 S.W.2d 31 (Tex. Crim.App.1994), for the proposition that the protections afforded by the Texas Constitution are broader than those of the fourth amendment. In *Autran,* the court held article one, section nine provides a privacy interest in closed containers that is not overcome by the general policy considerations of an inventory search. 887 S.W.2d at 41–42. However, there is nothing in the record to

---

**1.** U.S. Const. amend. IV.

indicate Officer Wills searched appellant's purse pursuant to an *inventory* of the car and no evidence was presented to contradict the officer's testimony that the purse was already open when she examined it. *Autran* is therefore inapplicable to these facts.

■ The State argues the search was justified because appellant gave either express or implied consent to the officer to retrieve identification from her purse. We disagree. There is nothing in the record to indicate appellant consented to a search of her purse after merely informing the officer of the location of her identification. We expressly decline to comment on whether a doctrine of implied consent may apply to these facts. In *Brown v. State*, 856 S.W.2d 177, 179 (Tex. Crim.App.1993), the Court of Criminal Appeals examined the doctrine of implied consent for the first time. The court held that when a crime is reported to police by an individual who owns or controls the premises to which the police are summoned and that individual states or suggests the crime was committed by a third person, he implicitly consents to a search of the premises reasonably related to the routine investigation of the offense and the identification of the perpetrator. *Id.* at 182. The police may search such premises as long as the individual is not a suspect and does not revoke his consent. *Id.* The Court of Criminal Appeals has not addressed the issue of implied consent in a situation similar to the facts of this case.

However, the search of appellant's purse was proper as a search incident to arrest. The United States Supreme Court held that an officer who makes a lawful custodial arrest of the occupant of an automobile may, as a contemporaneous incident of the arrest, search the passenger compartment of the automobile and examine the contents of any containers found within the passenger compartment. *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981). In applying *Belton*, federal courts have held police may search the passenger compartment of a vehicle even after the arrestee has been removed from the vehicle to be searched and either handcuffed or placed in a police car. *See, e.g., United States v.*

*Moorehead*, 57 F.3d 875, 877–78 (9th Cir. 1995) (search incident to arrest valid under *Belton* although defendant secured in back seat of police car); *United States v. Mans*, 999 F.2d 966, 968–69 (6th Cir.), *cert. denied*, 510 U.S. 999, 114 S.Ct. 567, 126 L.Ed.2d 467 (1993) (*Belton* applicable when defendant seated in police car and watched by other officer); *United States v. Karlin*, 852 F.2d 968, 970–72 (7th Cir.1988), *cert. denied*, 489 U.S. 1021, 109 S.Ct. 1142, 103 L.Ed.2d 202 (1989) (search reasonable under *Belton* when defendant was handcuffed in police car); *United States v. Cotton*, 751 F.2d 1146, 1148–49 (10th Cir.1985) (*Belton* applicable although defendant was outside car and handcuffed).

The Court of Criminal Appeals held an officer's search of the passenger compartment of a defendant's car was justified as a valid inventory search and as a search incident to arrest after the defendant was arrested for driving without a valid license and placed in a patrol car. *Osban v. State*, 726 S.W.2d 107, 111 (Tex.Crim.App.1986), *overruled on other grounds, Heitman v. State*, 815 S.W.2d 681, 690 (Tex.Crim.App.1991). In *Heitman*, the Court of Criminal Appeals overruled *Osban* to the extent that it "blindly" followed the United States Supreme Court's decisions interpreting the fourth amendment in addressing the issue of the *inventory* searches under article one, section nine of the Texas Constitution. 815 S.W.2d at 690. Again, we note there is nothing in the record to indicate Officer Wills was conducting an inventory search of the car in the present case. The Court of Criminal Appeals has not since spoken on whether the Texas Constitution gives broader protection than the United States Constitution concerning a search of the passenger compartment of a vehicle incident to the driver's arrest. *See Manning v. State*, 864 S.W.2d 198, 201 (Tex.App.—Waco 1993, pet. ref'd) (search of vehicle justified under *Belton* though defendant seated in rear of police car).

We find no authority supporting appellant's contention that the propriety of a search incident to arrest is subject to more stringent restrictions under the Texas Constitution than under the fourth amendment.

The Court of Criminal Appeals has not so held, nor have our sister courts. *See Manning*, 864 S.W.2d at 201; *Brown v. State*, 830 S.W.2d 171, 174 (Tex.App.—Dallas 1992, pet. ref'd) (no separate Texas constitutional analysis required of investigatory stops). Accordingly, we conclude the officer's search of appellant's purse was justified as a valid search incident to arrest under *Belton*. We hold the trial court did not abuse its discretion in denying appellant's motion to suppress and we overrule appellant's point of error.

We affirm the judgment of the trial court.