11th Court of Appeals









11th Court of Appeals

Eastland, Texas

Opinion

 

State of Texas

Appellant

Vs.                   No. 11-04-00183-CR -- Appeal
from Taylor County

Teaundra Lasha Oages

Appellee

 

Teaundra Lasha Oages, appellee, was charged by
information with possession of less than two ounces of marihuana.  The trial court granted appellee=s motion to suppress evidence.  Because we hold that, under Article I,
section 9 of the Texas Constitution, the officer made a valid search of
appellee=s vehicle
incident to her arrest, we reverse and remand.

Background Facts

The facts are not disputed.  Officer Mike Baird of the Abilene Police
Department stopped appellee for a traffic violation.  Appellee told Officer Baird that there was an
outstanding warrant for her arrest related to some bad checks but that she had
paid the checks.  Officer Baird confirmed
that there was an outstanding warrant for her arrest.  He then arrested appellee, placed her in his
patrol vehicle, and searched the passenger compartment of appellee=s car. 
Officer Baird found a small bag of marihuana in the center console.

At the motion to suppress hearing, counsel for
appellee acknowledged that Officer Baird=s
search incident to arrest would be valid under the Fourth Amendment of the
United States Constitution.  New York
v. Belton, 453 U.S. 454 (1981).  But
counsel argued that the search was invalid under Article 1, section 9 of the
Texas Constitution.  The trial court
granted appellee=s motion
to suppress.

Standard of Review








In reviewing a trial court=s
ruling on a motion to suppress, appellate courts must give great deference to
the trial court=s
findings of historical facts as long as the record supports the findings.  Guzman v. State, 955 S.W.2d 85
(Tex.Cr.App.1997).  Because the trial
court is the exclusive fact finder, the appellate court reviews evidence
adduced at the suppression hearing in the light most favorable to the trial
court=s
ruling.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex.Cr.App.2000).  We
also give deference to the trial court=s
rulings on mixed questions of law and fact when those rulings turn on an evaluation
of credibility and demeanor.  Guzman
v. State, supra.  Where such rulings
do not turn on an evaluation of credibility and demeanor, we review the trial
court=s actions
de novo.  Guzman v. State,
supra; Davila v. State, 4 S.W.3d 844, 847-48 (Tex.App. - Eastland
1999, no pet=n).  This case involved only the application of
the law to the facts; hence, our review is de novo.    

The Search Incident To Arrest Was Valid

At the suppression hearing, appellee relied solely
on an argument based on the Texas Constitution. 
At the beginning of the hearing below, counsel for appellee stated:

[O]ur
amended Motion to Suppress does not in any way rely upon the United States
Constitution or the Fourth Amendment.

 

Appellee did not contest the validity of her
arrest at the hearing.  Appellee made the
same argument to the trial court below that Justice Brennan made in his dissent
in New York v. Belton, supra. 
Counsel contended that, under the circumstances, appellee could not have
gained possession of a weapon or destroyed evidence:

[The
officer] had a right to pat her down, to search her person, as he said,
incident to arrest.  Nobody is arguing
about that; but the marihuana in the console was not out in the open.  It was not where you would expect...anyone to
see it, and at the time [the officer] began the search of the vehicle she had
already been placed under arrest, handcuffed in the back and sitting in the
back seat of the patrol car.  There was
no danger...to the officer.

 








Chimel v. California, 395 U.S. 752 (1969),
held that one exception to the Fourth Amendment=s
warrant requirement for searches is that an officer may search the area within
the immediate control of a person arrested. 
Where the person arrested was the occupant of a vehicle, however, police
had difficulty in determining whether the passenger compartment was actually
within that person=s
reach.  To establish a Aworkable rule,@
the Supreme Court in New York v. Belton, supra, held that, Awhen a policeman has made a lawful
custodial arrest of the occupant of an automobile, he may, as a contemporaneous
incident of that arrest, search the passenger compartment of that automobile.@ 
New York v. Belton, supra at 460. 
This bright-line rule has been consistently recognized and applied in
Texas.  State v. Gray, 158 S.W.3d
465 (Tex.Cr.App.2005); State v. Ballard, 987 S.W.2d 889
(Tex.Cr.App.1999); Williams v. State, 726 S.W.2d 99 (Tex.Cr. App.1986).

In Williams v. State, supra, the trial
court had found the defendant guilty of unlawfully carrying a handgun.  On appeal, the defendant argued that his
arrest had been unlawful under the Fourth Amendment and under Article 1,
section 9.  The defendant had stepped out
of his truck and was standing by the open door when the officer noticed a brown
paper bag on the floorboard on the driver=s
side.  Looking inside the bag, the
officer found a handgun.  He then
arrested the defendant.

Upholding the trial court=s
denial of the defendant=s
motion to suppress, the court in Williams found that the officer had
probable cause to arrest the defendant because he had parked on the wrong side
of the street.  The court then relied on New
York v. Belton, supra, to find that the officer=s
search incident to arrest was valid.[1]  Judge Teague=s
dissenting argument that the Texas Constitution should afford greater protection,
at least where the arrest was for a minor traffic violation, was rejected by
the majority opinion.  See Williams v.
State, supra at 105-07.

Appellee is correct in stating that Heitman v.
State, 815 S.W.2d 681 (Tex.Cr.App.1991), held that Texas courts may find
that defendants have greater rights under the Texas Constitution than they have
under the Supreme Court=s
interpretation of the United States Constitution.  We are mindful, however, of the court=s admonition in Johnson v. State,
912 S.W.2d 227, 233 (Tex.Cr.App.1995), that, although Texas courts can hold
that defendants have greater rights under the Texas Constitution, this does not
mean that Texas courts should do so.  In Johnson,
the court interpreted the issue of when a Aseizure@ has occurred under Article I, section
9 the same as the Supreme Court did in California v. Hodari D., 499 U.S.
621 (1991).








Our reading of Gray, Ballard, and Williams
persuades us that, where there is a search incident to the arrest of an
occupant of a vehicle, Texas follows the bright-line rule of New York v.
Belton, supra, in interpreting Article I, section 9 of the Texas
Constitution, even though the Court of Criminal Appeals has not expressly so
stated.  The objective approach of Belton
Amakes
more sense@ than the
alternatives, and it is more reasonable in terms of application.  See Crittenden v. State, 899 S.W.2d
668, 673 (Tex.Cr.App.1995).  The search
incident to arrest here was not subject to more stringent restrictions under
the Texas Constitution than under the Fourth Amendment.  See Ashton v. State, 931 S.W.2d 5, 8
(Tex.App. - Houston [1st Dist.] 1996, pet=n
ref=d)(holding that Article I, section 9
did not preclude an officer=s
search of the defendant=s
purse; it was a valid search incident to arrest).

We sustain the State=s
sole issue on appeal.

This Court=s
Ruling

We reverse the decision of the trial court and
remand the case for further proceedings.

 

TERRY McCALL

JUSTICE

 

May 12, 2005

Publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and  McCall, J.

 











[1]The Williams court found that it did not matter
that the search incident to the arrest preceded the formal custodial arrest by
a few moments, citing Rawlings v. Kentucky, 448 U.S. 98, 100 (1980).