Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



SALVADOR LOPEZ,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00423-CR

Appeal from the

243rd District Court

of El Paso County, Texas

(TC# 20030D00703)




O P I N I O N

           This is an appeal from a conviction for the offense of possession of cocaine in an
amount less than one gram. Appellant pleaded guilty to the court and the court assessed
punishment at three years’ deferred adjudication community supervision. We affirm the
judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           At the hearing on Appellant’s motion to suppress the evidence, the State presented the
testimony of Officer David Hernandez of the El Paso Police Department. On January 29,
2003, he was on patrol when he saw Appellant make an illegal right turn on Alameda Ave.
from Harris Street in El Paso County, Texas. Appellant had made a right turn at a red stop
light notwithstanding a sign that stated, “No Turn On Red.” When Officer Hernandez
stopped Appellant, he observed that Appellant was alone in his pickup truck. He directed
Appellant to step out of the truck and to place his hands on the hood of the patrol car. With
Appellant’s permission, he retrieved his wallet which was laying on the driver’s seat. Officer
Hernandez looked through the wallet and found some paper which was folded like a
diamond-fold. The officer stated that a diamond-fold is often used to conceal narcotics. It
did not contain any narcotic substance.
           Officer Hernandez radioed to determine if Appellant had any outstanding warrants. 
When he received a response that Appellant had outstanding warrants, Appellant was placed
under arrest and was placed in the back of the patrol car. The officer asked Appellant if there
were any illegal drugs or weapons in the truck, and Appellant denied that drugs or weapons
existed in the truck. Officer Hernandez then searched the truck and found a diamond-fold
which contained cocaine in the driver’s side door pocket. The witness could not recall if he
issued a traffic ticket to Appellant and the officer denied that he ever stated he would obtain
a dog to search the truck.
           The Appellant testified at the hearing. He stated he never gave Officer Hernandez
permission to retrieve the wallet or to search the truck. Appellant testified that the item in
his wallet was just a folded dollar bill and was not a diamond-fold. He stated that he did not
give permission to search his truck and that the officer threatened to obtain a search dog to
search the truck. Appellant testified that the officer wrote him a ticket for the red-light
violation before he searched the truck. He also stated that the radio call concerning the
outstanding warrants was not made until after Officer Hernandez had searched the truck and
had found the cocaine.
II. DISCUSSION
           In Appellant’s sole issue, he asserts that the court erred in failing to grant his motion
to suppress the evidence. A trial court’s ruling on a motion to suppress is generally reviewed
for an abuse of discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996); 
Gordon v. State, 4 S.W.3d 32, 35 (Tex.App.--El Paso 1999, no pet.). In reviewing a motion
to suppress, we must give almost total deference to the trial court’s determination of
historical facts and review de novo mixed questions of law and fact that do not turn on an
evaluation of credibility and demeanor. State v. Ross, 32 S.W.3d 853, 856 (Tex.Crim.App.
2000); Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000); Guzman v. State, 955
S.W.2d 85, 89 (Tex.Crim.App. 1997). As the trial court made no explicit findings of
historical facts in this case, the evidence must be reviewed in a light most favorable to the
trial court’s ruling. Carmouche, 10 S.W.3d at 327-28. The trial court’s ruling will be upheld
if it is correct on any theory of law applicable to the case. Willover v. State, 70 S.W.3d 841,
845 (Tex.Crim.App. 2002); Ross, 32 S.W.3d at 855-56.
           An exception to the Fourth Amendment prohibition against warrantless searches is
a search incident to a lawful arrest. Thornton v. United States, 541 U.S. 615, 124 S.Ct. 2127,
2129, 158 L.Ed.2d 905 (2004); New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864,
69 L.Ed.2d 768 (1981); Satterwhite v. State, 726 S.W.2d 81, 87 (Tex.Crim.App. 1986), rev’d
on other grounds, 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988). Police may search
the passenger compartment of a vehicle and containers within it when the search is a
contemporaneous incident to a lawful arrest. Belton, 453 U.S. at 460, 101 S.Ct. at 2864; see
also Ashton v. State, 931 S.W.2d 5, 8 (Tex.App.--Houston [1st Dist.] 1996, pet. ref’d) (noting
that, in applying Belton, federal courts have held police may search the passenger
compartment of a vehicle even after the arrestee has been removed from the vehicle to be
searched and either handcuffed or placed in a police car). The search incident to arrest can
include a search of the vehicle’s glove compartment. Satterwhite, 726 S.W.2d at 86.
           Recently, in Thornton, the United States Supreme Court held that police may search
the passenger compartment of a vehicle even after the arrestee has been removed from the
vehicle and secured in the back of a police car. Thornton, 124 S.Ct. at 2132.
           Appellant maintains that the search of his truck could not be justified under the Belton
line of cases because he was secured in the back of the patrol car before the search; therefore, 
he posed no threat to the officer and he was unable to destroy any evidence in the truck. 
However, in Thornton, the Supreme Court stated:
The need for a clear rule, readily understood by police officers and not
depending on differing estimates of what items were or were not within reach
of an arrestee at any particular moment, justifies the sort of generalization
which Belton enunciated.

           Id.

            Accordingly, we find that the court did not err in denying Appellant’s motion to
suppress the evidence. Issue No. One is overruled.
           Having overruled Appellant’s sole issue on review, we affirm the judgment of the trial
court.
 
                                                                  RICHARD BARAJAS, Chief Justice
June 9, 2005

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)