Affirmed and Opinion filed February 9, 2006









Affirmed
and Opinion filed February 9, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-05-00196-CR;

            14-05-00197-CR; 

          14-05-00198-CR

____________

 

FELIPE JESUS
JUAREZ,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 9

Harris County, Texas

Trial Court Cause Nos. 1263519;
1263518; 1263517

 



 

O P I N I O N

Appellant Felipe Jesus Juarez appeals
after pleading guilty to carrying a weapon, possession of a controlled
substance, and possession of marijuana under two ounces, pursuant to a plea
bargain.  The trial judge sentenced
appellant to thirty days= confinement in the Harris County jail
with credit given for two days already served. 
In his sole point of error, appellant contends that the trial court
erred by denying his motions to suppress evidence obtained during a warrantless
search.  We affirm.

 








Background

On the night of October 10, 2004, Deputy
John Palermo of the Harris County Sheriff=s Department was
patrolling a local public park.  At the
suppression hearing, Palermo testified that he noticed appellant=s car in the
center of a dark parking lot.  Palermo
testified that although appellant was not committing any traffic violations,
his car was not parked in a designated space, and its headlights were turned
off.  Aware that other deputies had
arrested people in the park for various offenses, including buying and selling
narcotics, Palermo became suspicious. 
Palermo testified that he parked his patrol car so that it was facing
appellant=s car, but not so as to block appellant=s exit.  Unable to see the interior of appellant=s car, Palermo
shined his spotlight to determine if anyone was inside.  Palermo testified that he used only his
spotlight and headlights; he did not activate his red and blue lights.

According to Palermo, appellant, who was
in the driver=s seat, bent at the waist and leaned
forward in a Afurtive movement@ when the light
shined into his car.  Palermo testified
that using his normal voice, he asked appellant to step out of the
vehicle.  Accompanied only by his canine
partner, Palermo remained in the patrol car as appellant approached.  Palermo testified that he was concerned that
appellant might have a weapon or that another person might be hiding in
appellant=s car or in the surrounding area.

Palermo testified that he engaged
appellant in conversation.  When Palermo
asked appellant what he was doing at the park, appellant replied that he had
been talking on his cell phone to his girlfriend.  Palermo then asked appellant if he was
carrying any weapons or illegal items. 
According to Palermo, appellant responded that he had a handgun in his
waistband, but he did not produce the gun. 
Palermo testified that at that point, he asked appellant to turn around,
handcuffed him, and retrieved the gun. 
Palermo testified that he arrested appellant after he had retrieved the
gun.  After arresting appellant, Palermo
performed an inventory search of appellant=s vehicle and
found narcotics.








Appellant was charged by complaint and
information with the offenses of carrying a weapon, possession of a controlled
substance, and possession of marijuana under two ounces. The trial court denied
appellant=s motions to suppress in all three
cases.  On appeal, appellant argues that
(1) Palermo lacked reasonable suspicion for the initial investigatory stop; and
(2) Palermo violated appellant=s rights under the
Texas Constitution by arresting him without a warrant.[1]

Standards of Review

We review a trial court=s ruling on a
motion to suppress under an abuse of discretion standard.  Villareal v. State, 935 S.W.2d 134,
138 (Tex. Crim. App. 1996). Under this standard, we give almost total deference
to a trial court=s determination of historical facts
supported by the record, especially when the trial court=s fact findings
are based on an evaluation of credibility and demeanor.  Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  We give the same
amount of deference to a trial court=s ruling on Aapplication of law
to fact questions@Calso known as Amixed questions of
law and fact@Cif the resolution
of those ultimate questions turns on an evaluation of credibility and
demeanor.  Id.  We review de novo mixed questions of law and
fact that do not turn on an evaluation of credibility and demeanor.  Id. 

When, as in this case, the trial court
makes no explicit findings of historical fact, we presume that it made those
findings necessary to underpin its ruling, provided that they are supported in
the record.  Carmouche v. State,
10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000). We review a trial court=s decisions
regarding detention and reasonable suspicion de novo.  Loserth v. State, 963 S.W.2d 770, 773
(Tex. Crim. App. 1998).

Encounter v. Detention

Appellant characterizes his initial
interaction with Palermo as a temporary detention unsupported by reasonable
suspicion.  We hold that the interaction
was a consensual encounter, not a detention.








Under the Fourth Amendment to the United
States Constitution and Article I, Section 9 of the Texas Constitution, in
either an investigative detention or an arrest, a seizure has not occurred until
(1) a reasonable person would believe that he or she was not free to leave and
(2) that person has yielded to the officer=s show of
authority or has been physically forced to yield.  Johnson v. State, 912 S.W.2d 227, 236
(Tex. Crim. App. 1995).  A temporary
detention must be supported by reasonable suspicion, whereas an arrest must be
supported by probable cause.  Id.
at 235.  In contrast to a seizure, a law
enforcement officer may approach a citizen without reasonable suspicion or
probable cause in order to ask questions or even to request consent to
search.  Id. (citing Florida v.
Royer, 460 U.S. 491, 497-98 (1983)). 
In these situations, the citizen is free to not answer the questions,
and the encounter is consensual as long as a reasonable person would feel free Ato disregard the
police and go about his business.@  Id. (quoting California v. Hodari D.,
499 U.S. 621, 628 (1991)).








In appellant=s case, the
evidence does not suggest that there was such a display of authority that a
reasonable person would not have felt free to leave or to decline Palermo=s request to step
out of the car.  Additionally, there is
no evidence that appellant was physically forced to yield to Palermo.  Although he was driving an official patrol
car, Palermo testified that he did not flash his red and blue lights and that
he used his normal voice when asking appellant to exit the car.  Furthermore, Palermo testified that he did
not park close enough to appellant=s car to restrict
appellant=s ability to leave the scene.  Finally, there is no evidence that Palermo
drew his weapon or otherwise indicated that appellant was required to comply
with his request, or that appellant felt compelled to comply.  See Brewer v. State, 932 S.W.2d 161,
168 (Tex. App.CEl Paso 1996, no pet.) (holding that
consensual encounter occurred when a uniformed officer approached defendant in
parking lot, did not block defendant=s path or order him
to stop, and did not indicate that defendant was required to comply with
request to step back from car door); Ashton v. State, 931 S.W.2d 5, 7
(Tex. App.CHouston [1st Dist.] 1996, pet. ref=d) (holding that
no investigatory detention occurred when unidentified officer approached
defendant, who was sitting in a parked car in a public place, and asked her to
roll down the window); Reyes v. State, 899 S.W.2d 319, 323 (Tex. App.CHouston [14th
Dist.] 1995, pet. ref=d) (noting that no seizure occurred when
officer identified himself and asked to speak to defendant but did not display
a gun, tell defendant that he was a narcotics agent, order defendant to comply,
or ask to search defendant=s bag).  Therefore, the trial court did not err by
denying appellant=s motions to suppress. 

Validity of Arrest

Appellant also argues that the warrantless
arrest by Palermo violated his rights under the Texas Constitution because it
occurred without probable cause and cannot be justified  under any exception to the warrant requirement.[2]  We disagree.

A peace officer may arrest an offender
without a warrant for any offense committed in his presence or within his
view.  Tex.
Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005).  When asked by Palermo if he was carrying any
weapons or Aanything illegal,@ appellant replied
that he had a handgun in his waistband. 
Palermo arrested appellant only 
after appellant had made this admission and Palermo had retrieved the
gun.  Therefore, Palermo lawfully
arrested appellant for carrying a weapon. 
Because we hold that no seizure occurred and that Palermo lawfully
arrested appellant, we overrule appellant=s sole point of
error and affirm his convictions.

 

 

/s/      Adele Hedges

Chief Justice

 

Judgment
rendered and Opinion filed February 9, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  The Texas
Constitution protects citizens against unreasonable searches and seizures by
government officials.  See Tex. Const. art. I, ' 9.

 





[2]  Appellant also
makes several references to Palermo=s
having  questioned appellant without
reading him his Miranda rights. 
However, we need not discuss the implications of Miranda because
appellant was not under arrest or in custody at the time the complained-of
questioning occurred.  See Miranda v.
Arizona,  384 U.S. 436 (1966).