Opinion issued June 29, 2006













In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00765-CR




ALEXANDER TIMBROOK, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1016816




MEMORANDUM OPINION
          Appellant, Alexander Thomas Timbrook, was charged by indictment with
possession with intent to deliver cocaine weighing more than four grams and less than
200 grams. After his motion to suppress the evidence was denied, appellant entered
a plea of guilty without an agreed punishment recommendation. The trial court
deferred adjudication of guilt and placed appellant on community supervision for five
years. Appellant appeals the denial of his motion to suppress the evidence,
contending that the arresting officer exceeded the limitations of a Terry stop


 and that
his father’s consent to search appellant’s car was ineffective. We affirm. 
BACKGROUND
          Officer W. Tomlinson, a Houston Police officer with 26 years experience, 19
of which were in narcotics, was working an approved extra job patrolling a Houston
subdivision. At approximately 2 a.m. on February 15, 2005, he received a cell phone
call informing him that a suspicious car was backed up in a driveway with the motor
running and two individuals inside the car. Tomlinson drove to the address given to
him, saw the car as described, and parked his car 10 or 15 feet from the driveway. He
estimated that the car in the driveway was about 10 yards from the street. He walked
up the driveway, shining his flashlight, and saw two occupants in the front seat with
the seats reclined. As he shined his light toward the car, the two men inside jumped
up and opened the car doors so that they could get out. Tomlinson arrived at the
passenger door as the occupant was getting out and shined his light into the open
door. He saw a baggie containing a green substance, which he recognized as
marijuana, on the floorboard. He told the two men to put their hands on the hood of
the car. He asked them what was in the baggie, and they both said it was marijuana. 
He asked them if there was any more marijuana in the car, and they said there was. 
Appellant, who had been in the driver’s seat, told Tomlinson that he lived at that
address, and Tomlinson looked at both men’s driver’s licenses to identify them and
verified that appellant lived at that address. 
          Tomlinson called for a couple of units to provide backup for him. When the
two backup officers arrived, they took the two men to their patrol cars, and
Tomlinson proceeded to search the car in the driveway. He found several other bags
of marijuana and a few pills. The glove box was locked, and Tomlinson asked
appellant for the key. Appellant said that he did not have a key and had never been
in the glove box. Appellant later stated that there was nothing in the glove box. 
          Tomlinson went to the front door of the house and knocked. Appellant’s father
came to the door, and Tomlinson explained the situation and said he wanted the key
to the glove box. Tomlinson also explained that he could have the car towed and
searched by breaking into the glove box. Appellant’s father agreed to look for the
key, which he found in appellant’s room. Tomlinson opened the glove box with the
key and found a Crown Royal bag containing about four ounces, or approximately
130 grams, of cocaine. Tomlinson placed appellant and the other man under arrest. 
DISCUSSION
Standard of Review
          We review a trial court’s ruling on a motion to suppress evidence for abuse of
discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Taylor
v. State, 945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). The
Court will afford almost total deference to a trial court’s determination of historical
facts that the record supports, especially when the findings are based on the
evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997). The fact finder is the sole judge of the witnesses’ credibility and
may accept or reject any or all of the witnesses’ testimony. Taylor, 945 S.W.2d at
297. In reviewing a ruling on a question of application of law to facts, we review the
evidence in the light most favorable to the trial court’s ruling. Guzman, 955 S.W.2d
at 89. 
Validity of the Search
          In his first issue, appellant contends that, although lawful at its inception,
Tomlinson’s investigation violated appellant’s Fourth Amendments rights


 by
exceeding the bounds of a Terry stop when he looked into the car and discovered the
marijuana, which led to the discovery of the cocaine. Appellant incorrectly refers to
his interaction with Tomlinson as a Terry stop. 
          The three recognized categories of interaction between the police and private
citizens are encounters, investigative detentions, and arrests. Francis v. State, 922
S.W.2d 176, 178 (Tex. Crim. App 1996). An encounter, in which the citizen is free
to respond to the officer or to walk away, does not intrude upon the citizen’s privacy
and does not implicate the Fourth Amendment. Id. An investigative detention, also
referred to as a Terry stop, is a temporary detention, which must be justified by the
officer’s reasonable suspicion that the citizen is connected with some unusual activity
related to a crime. Id. An arrest is a seizure of generally longer duration and requires
the officer to have probable cause to believe that the citizen has engaged in or is
engaging in criminal activity. Id. When a policeman has lawfully arrested the
occupant of an automobile, the officer may search the passenger compartment of the
automobile, including the glove compartment, incident to that arrest. New York v.
Belton, 453 U.S. 454, 460–61, 101 S. Ct. 2860, 2864 & n.4 1981); Ashton v. State,
931 S.W.2d 5, 8 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d). 
          Seizing property in plain view is not a violation of the Fourth Amendment
because it involves no invasion of privacy. Texas v. Brown, 460 U.S. 730, 738–39,
103 S. Ct. 1535, 1541 (1983). Two conditions must be met to justify a warrantless
seizure under the “plain view” doctrine: (1) the law enforcement officer must not
have violated the Fourth Amendment in arriving at the place from which the evidence
could be plainly viewed and (2) the incriminating character of the object must be
immediately apparent to the officer. Horton v. California, 496 U.S. 128, 136–37, 110
S. Ct. 2301, 2308 (1990); Walter v. State, 28 S.W.3d 538, 541 (Tex. Crim. App.
2000). 
          In this case, when Tomlinson walked up the driveway to investigate the
complaint he had received, he had not yet detained appellant. The detention did not
occur until after Tomlinson looked in the open door of the car and saw the baggie of
marijuana in plain view. At that point, Tomlinson had probable cause to believe that
appellant was engaged in criminal activity. Therefore, Tomlinson did not detain
appellant in a Terry stop, but in an arrest, and was justified in searching appellant’s
car, including the glove box, incident to that arrest. We hold that the search of
appellant’s car did not violate his Fourth Amendment rights. 
          Accordingly, we overrule appellant’s first issue. 
          Having held that the search of appellant’s car did not violate his Fourth
Amendment rights because of the plain-view doctrine and the search incident to
appellant’s arrest, we need not consider appellant’s second issue regarding whether
his father’s permission to search the glove box was effective. 
          We affirm the judgment. 
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Chief Justice Radack and Justices Taft and Nuchia.

Do not publish. Tex. R. App. P. 47.2(b).