NO. 07-06-0129-CR


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A





JANUARY 9, 2007


 ______________________________



JACQUELINE V. HARPER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-409263; HONORABLE BRADLEY S. UNDERWOOD, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

OPINION


 Appellant, Jacqueline V. Harper, appeals her conviction for possession of a
controlled substance, methamphetamine, in an amount less than one gram and her
sentence of one year incarceration in a state jail facility in the Texas Department of
Criminal Justice. Appellant contends that the trial court erred in overruling her motion to
suppress evidence. We affirm.




Background


 On the morning of April 4, 2005, Lubbock Police Officer John Hayes was dispatched
to a Walgreen's parking lot to investigate a report of a person passed out in a vehicle in the
store's parking lot. Upon his arrival, Hayes observed that an ambulance had already
arrived and that EMS personnel were speaking to a female sitting inside a vehicle. From
Hayes's observation, he noticed that appellant was slow in responding and appeared
groggy. The EMS personnel determined that appellant was not in medical distress and left
the scene. Hayes opined that, at that point, he was uncertain as to whether appellant was
intoxicated or simply very tired. Being uncertain of appellant's ability to safely operate a
motor vehicle and drive herself home, Hayes decided to ask appellant to step out of her
vehicle. As appellant stepped out of the vehicle, a small baggie containing a white,
crystal-like substance fell from her lap. Hayes then arrested her for possession of a
controlled substance. The substance was later verified to be methamphetamine. 

 At a pretrial hearing, appellant challenged the admission of the methamphetamine
by a motion to suppress contending that the controlled substance was obtained as a result
of an illegal detention. The trial court overruled appellant's motion to suppress. At trial,
a jury found appellant guilty of possession of a controlled substance, state jail felony, and
the trial court assessed her punishment at one year in a state jail facility. Appellant
appeals the trial court's ruling on the motion to suppress the admission of the
methamphetamine. We affirm.

 An appellate court reviews a trial court's ruling on a motion to suppress for abuse
of discretion. See Villarreal v. State, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996). Under
this standard, we give almost total deference to a trial court's determination of historical
facts supported by the record, especially when the trial court's fact findings are based on
an evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89
(Tex.Crim.App.1997). When, as in this case, the trial court makes no explicit findings of
historical fact, we presume that it made those findings necessary to support its ruling,
provided that they are supported in the record. Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex.Crim.App. 2000). We give the same amount of deference to a trial court's ruling
on "application of law to fact questions" if the resolution of those ultimate questions turns
on an evaluation of credibility and demeanor. Guzman, 955 S.W.2d at 89. We review de
novo mixed questions of law and fact that do not turn on an evaluation of credibility and
demeanor. Id. We review a trial court's decisions regarding detention and reasonable
suspicion de novo. Loserth v. State, 963 S.W.2d 770, 772-73 (Tex.Crim.App.1998). 

 A police officer's interaction with a citizen can be classified as an encounter,
detention, or seizure. See Citizen v. State, 39 S.W.3d 367, 370 (Tex.App.-Houston [1st
Dist.] 2001, no pet.). Encounters occur when police officers approach an individual in
public to ask questions. Id. Encounters do not require any justification whatsoever on the
part of an officer. Id. (citing U.S v. Mendenhall, 446 U.S. 544, 555, 100 S.Ct. 1870, 64
L.Ed.2d 497 (1980)). An investigative detention is a confrontation of a citizen by law
enforcement officers wherein a citizen yields to a display of authority and is temporarily
detained for purposes of an investigation. Johnson v. State, 912 S.W.2d 227, 235
(Tex.Crim.App.1995). An investigative detention is permitted if it is supported by
reasonable suspicion. Citizen, 39 S.W.3d at 370. See also Terry v. Ohio, 392 U.S. 1, 27,
88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reasonable suspicion is a particularized and
objective basis for suspecting the person is, has been, or soon will be engaged in criminal
activity. Citizen, 39 S.W.3d at 370 (citing Crockett v. State, 803 S.W.2d 308, 311
(Tex.Crim.App.1991)). A determination of whether the police interaction is an encounter,
detention or seizure is assessed by looking at the totality of the circumstances. See Hunter
v. State, 955 S.W.2d 102, 104 (Tex.Crim.App. 1997). 

 The issue presented on appeal is whether Hayes's interaction with appellant,
specifically Hayes's request to step out of the vehicle, constituted a sufficient display of
authority to raise the encounter into an investigative detention, such that appellant no
longer felt free to decline the officer's request or otherwise terminate the encounter. See
Citizen, 39 S.W.3d at 370 (quoting State v. Velasquez, 994 S.W.2d 676, 679
(Tex.Crim.App. 1999)). If we conclude that the interaction became an investigative
detention, we must then determine whether the officer had reasonable suspicion to support
such detention.

 Appellant contends that the interaction was a detention and that Hayes, at the time,
did not have reasonable suspicion to justify the detention of appellant. However, nothing
in the record indicates the officer's actions were such a display of authority that a
reasonable person would not have felt free to decline an officer's request for compliance. 
See Brewer v. State, 932 S.W.2d 161, 168 (Tex.App.-El Paso 1996, no writ) (holding that
consensual encounter occurred when a uniformed officer approached defendant in a
parking lot, did not block defendant's path or order him to stop, and did not indicate that
defendant was required to comply with request to step back from car door); Ashton v.
State, 931 S.W.2d 5, 7 (Tex.App.-Houston [1st Dist.] 1996, writ ref'd) (holding that no
investigatory detention occurred when unidentified officer approached defendant, who was
sitting in a parked car in a public place, and asked her to roll down the window); Reyes v.
State, 899 S.W.2d 319, 323 (Tex.App.-Houston [14th Dist.] 1995, writ ref'd) (noting that
no seizure occurred when officer identified himself and asked to speak to defendant, but
did not display a gun, tell defendant that he was a narcotics agent, order defendant to
comply, or ask to search defendant's bag). Even though the EMS personnel had
concluded that appellant did not have a medical emergency, Hayes continued to have
concerns as to whether appellant was able to drive home safely. Hayes testified that he
asked appellant to step out of the vehicle so that he could further observe appellant for the
two fold purpose of observing her for the effects of intoxication as well as to give appellant
an opportunity to stand up and "get the blood flowing" to see if appellant would become
more alert. From the record, Hayes was not attempting to gain further information to arrest
Harper, but was attempting to accurately resolve the dispatch call. See Terry, 392 U.S. at
13 (police encounters can be initiated for a variety of purposes wholly unrelated to a desire
to prosecute a crime); Hulit v. State, 982 S.W.2d 431, 438 (Tex.Crim.App. 1998) (police
officers acted reasonably when they approached a vehicle to ask if the person needed
assistance). Therefore, we conclude that Hayes's interaction with appellant was an
encounter and no further justification was needed for the officer's actions. 

 Even assuming, arguendo, that the encounter had become an investigative
detention when Hayes asked appellant to step out of the vehicle, Hayes testified that he
suspected that appellant was intoxicated. Given that the record indicates that Hayes
personally observed appellant in the Walgreen's parking lot behind the wheel of a vehicle
in a groggy or "out of it" state, we conclude that Hayes had reasonable suspicion to
suspect that appellant was or would soon be involved in criminal activity. See Tex. Pen.
Code Ann. §§ 49.02, 49.04 (Vernon 2003) (public intoxication and driving while
intoxicated). Therefore, when, as in this case, the trial court makes no explicit findings of
historical fact, we can presume that it made those findings necessary to support its ruling. 
See Carmouche, 10 S.W.3d at 327. Hence, even if the interaction had become an
investigative detention, the trial court could have found that the officer had reasonable
suspicion to justify the detention.

 Whether the interaction between Hayes and appellant was an encounter or an
investigative detention, the trial court did not err in overruling appellant's motion to
suppress. We overrule appellant's issue and affirm the trial court's judgment.


 Mackey K. Hancock

Justice



Pirtle, J., concurring.




Publish. 



 UnhideWhenUsed="false" Name="Colorful List Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NOS. 07-10-00122-CR, 07-10-00123-CR, 07-10-00171-CR and 07-10-00172-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
4, 2011

 



 

GREGORIO RODRIGUEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE COUNTY COURT AT LAW NO. 2

 

AND THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

 

NOS. 2009-455,818, 2009-458,190, 2009-425,597, 2009-422,825;

 

HONORABLE CECIL PURYEAR, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

In each of these four appeals,
appellant Gregorio Rodriguez appeals his conviction on an open plea of guilty
and resulting sentence.

Offenses
committed on December 21, 2008:

In appellate case number 07-10-0172-CR, appellant was convicted of
evading arrest or detention with a vehicle and sentenced to 18 months in a
state jail facility;[1]

In appellate case number 07-10-0122-CR, appellant was convicted of
possession of marijuana of less than two ounces in a drug free zone and
sentenced to 12 months in the Lubbock County Jail.[2]

Offenses committed on October 25,
2009:

In appellate case number 07-10-0171-CR, appellant was convicted of
possession of a controlled substance listed in penalty group 1, cocaine of less
than one gram and sentenced to 24 months in a state jail facility;[3]

In appellate case number 07-10-0123-CR, appellant was convicted of
driving while intoxicated and sentenced to 6 months in the Lubbock County Jail.[4]

In each case, appellants
court-appointed appellate attorney has filed a motion to withdraw from
representation supported by an Anders
brief.[5]  Agreeing with counsels conclusion that the
record fails to show any arguably meritorious issue capable of supporting an
appeal, we grant the motion to withdraw in each case and affirm the trial
courts judgments.

Punishment hearing testimony showed
that on December 21, 2008, a police officer saw a vehicle driving
erratically.  The officer attempted a
traffic stop.  As the officer followed
the vehicle, he saw a person leap from the vehicle while it remained in
motion.  The vehicle then jumped a curb,
knocked down a fence, and collided with a parked vehicle in a driveway.  The location of the accident was within 1,000
feet of a public school.  When the
officer entered the passenger compartment to turn off the ignition and place
the transmission in park, he saw an open container of alcohol.  An officer later also found a baggy
containing what he believed was marijuana. 
Police eventually were able to identify appellant as the person
operating the vehicle.

Punishment evidence also showed that
on October 25, 2009, a motor vehicle driven by appellant struck a police
vehicle in the presence of officers. 
Appellant attempted to flee on foot, but was apprehended and arrested
for evading arrest or detention.  An
officer detected the odor of alcohol on appellants breath and the odor of
marijuana on his person.  While
searching appellant for weapons, the officer discovered a baggie containing
what he believed was marijuana.  In the
officers opinion, appellant appeared intoxicated.  He had difficulty standing and walking and
was unresponsive to questions.  The
officer transported appellant to a holding facility.  As appellant left the police vehicle, a clear
plastic baggie containing a white powder fell from his pant leg.  According to a field test, the substance was
cocaine.  This was later confirmed by the
Texas Department of Public Safety Crime Laboratory.

Appellant was charged by indictment
or information with the four offenses, and entered guilty pleas to the charged
offenses without a plea bargain agreement. 
A punishment hearing in each case was held the same day as the plea
hearing.  The trial court admonished
appellant of the applicable ranges of punishment and determined he was a United
States citizen.  It also explained and determined
appellant wished to waive the right to trial by jury and the right against
self-incrimination.  Two police officers
gave the testimony we have summarized of the circumstances of the December 2008
and October 2009 offenses.  Appellant
presented two witnesses.  A deacon
testified of appellants church involvement over the preceding five
months.  The second witness, a relative
of appellant, testified of his industry in the workplace, abstinence from
alcohol, and family commitment. 
Following the close of evidence and arguments, the court sentenced
appellant in each case.  Appellant
obtained trial court certification of the right of appeal and timely appealed. 

Thereafter, appellants appointed appellate
counsel filed a motion to withdraw supported by an Anders brief.  In the brief,
he certifies to his diligent review of the record and his opinion under the
controlling authorities and facts of the cases no reversible error or arguably
legitimate ground for appeal exists.  The
brief discusses the procedural history of the case and the events at the plea
hearing.  Counsel discusses the
applicable law and sets forth the reasons he believes no arguably meritorious
issues for appeal exist.  A letter to
appellant from counsel, attached to counsels motion to withdraw, indicates
that a copy of the Anders brief and
the motion to withdraw were served on appellant, and counsel advised appellant
of his right to review the record and file a pro se response.  Johnson v. State, 885
S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. refused).  By letter, this court also notified appellant
of his opportunity to submit a response to the Anders brief and motion to withdraw filed by his counsel.  Appellant did not file a response.

In conformity with the standards set out by
the United States Supreme Court, we will not rule on the motion to withdraw
until we have independently examined the record in each matter.  Nichols
v. State, 954 S.W.2d 83, 86 (Tex.App.--San
Antonio 1997, no pet.).  If we determine
the appeal has arguable merit, we will remand it to the trial court for
appointment of new counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

In the Anders
brief, counsel concludes the appeal is frivolous.  We have made an independent review of the
entire record to determine whether arguable grounds supporting an appeal
exist.  See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).  We find no arguable grounds
supporting a claim of reversible error, and agree with counsel that the appeal
is frivolous.

Accordingly, we grant counsels motion to
withdraw[6]
in each case and affirm the judgments of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Do
not publish.  

 











[1] 
A person commits the offense of evading arrest or detention if he
intentionally flees a person he knows is a peace officer lawfully attempting to
arrest or detain him.  Tex.
Penal Code Ann. § 38.04(a) (West Supp. 2010).  The offense is a state jail felony if the
actor uses a vehicle while in flight and the actor has not previously been
convicted under Penal Code § 38.04.  Tex.
Penal Code Ann. § 38.04(b)(1)(B) (West Supp. 2010).





[2] 
Possession of two ounces or less of marijuana is a Class B misdemeanor,
Tex. Health & Safety Code Ann. § 481.121(b)(1)
(West 2010), but increases to a Class A misdemeanor if committed within 1,000
feet of the real property of a school. 
Tex. Health & Safety Code Ann. § 481.134(f)(1)
(West 2010).  A Class A
misdemeanor is punishable by confinement in jail for up to one year and/or a
fine not to exceed $4,000.  Tex. Penal Code Ann. § 12.21 (West 2003).





[3] Possession of less than one gram of
cocaine is a state jail felony.  Tex.
Health and Safety Code Ann. § 481.102(3)(D) (West
2010) (cocaine is a Penalty Group 1 controlled substance) and Tex. Health and
Safety Code Ann. § 481.115(a),(b) (West 2010) (possession of less than one gram
of cocaine is a state jail felony).  A
state jail felony is punishable by confinement in a state jail facility for any
term of not more than two years or less than 180 days and a fine not to exceed
$ 10,000.  Tex. Penal
Code Ann. § 12.35 (West 2010). 





[4] 
In the absence of facts not charged here, driving while intoxicated is a
Class B misdemeanor.  A person commits
the offense of driving while intoxicated if the person is intoxicated while
operating a motor vehicle in a public place. 
Tex. Penal Code Ann. § 49.04(a) (West 2003).  





[5] 
Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and In re Schulman, 252 S.W.3d 403 (Tex.Crim.App. 2008) (orig. proceeding).





[6] Counsel shall, within five days
after the opinion is handed down, send his client a copy of the opinion and
judgment, along with notification of the defendants right to file a pro se petition for discretionary
review. Tex. R. App. P. 48.4.